UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
WILLIAM G. GIBBONS,                                          : Index No.: 07 CV 2801
                              Plaintiff,                     : (MGC/HBP)
            - against -                                      :
                                                             : **VERIFIED ANSWER AS TO**
LEONARD FRONTON, D.O., STEVEN FEIN, M.D.,                    : **STERLING MEDICAL**
STERLING MEDICAL CORPORATION, DEPARTMENT                       **ASSOCIATES, LEONARD**
OF VERTERANS AFFAIRS and THE UNITED STATES                   : **FRONTON, D.O., AND**
OF AMERICA,                                                    **STEVEN FINE, M.D.**
                                                             :
                              Defendants.
                                                             :
------------------------------------------------------------- x

S I R S:

The defendants, STERLING MEDICAL ASSOCIATES (s/h/a STERLING MEDICAL CORPORATION) (hereinafter, "STERLING"), LEONARD FRONTON, D.O., and STEVEN FINE, M.D. (s/h/a STEVEN FEIN, M.D.) (hereinafter, "DR. FINE"), as and for their answer to the Plaintiff's Complaint, state and allege as follows:

### THE PARTIES

1. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraphs "1", "7" and "8" of the Verified Complaint.

2. Denies the allegations contained in paragraphs "4", "5", and "6", except admits that STERLING does business in the State of Florida.

### JURISDICTION AND VENUE

3. Denies the allegations contained in paragraphs "9" and "10" of the Verified Complaint, except begs leave to refer all questions of fact to the trier of fact and all questions of law to the Court.

2768785.1

## AS AND FOR AN ANSWER TO THE FIRST
## CAUSE OF ACTION FOR MEDICAL MALPRACTICE

4. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraphs "11", "12" and "13" of the Verified Complaint.

5. Denies the allegations contained in paragraph "14" of the Verified Complaint, but admits that STERLING maintained an office at 1201 NW 16th Street, Miami, Florida.

6. Denies the allegations contained in paragraph "15" of the Verified Complaint, but admits that STERLING has entered into service contracts with various federal departments and/or agencies.

7. Denies the allegations contained in paragraphs "16" and "17" of the Verified Complaint, but admits that STERLING employed physicians duly licensed to practice in the State of Florida, and maintained an office at 1201 NW 16th Street, Miami, Florida.

8. Denies the allegations contained in paragraph "18" of the Verified Complaint.

9. Denies the allegations contained in paragraphs "20" and "21" of the Verified Complaint, except begs leave to refer all questions of fact to the trier of fact and all questions of law to the Court.

10. Denies the allegations contained in paragraph "22" of the Verified Complaint, except admits that DR. FRONTON was and still is duly licensed to practice medicine in the State of Florida and that he rendered certain professional care to and for the plaintiff in accordance with acceptable medical standards of due care.

2768785.1

11. Denies the allegations contained in paragraph "23" of the Verified Complaint, except admits that DR. FRONTON rendered certain professional care to and for said plaintiff in accordance with acceptable medical standards of due care.

12. Denies the allegations contained in paragraphs "25" and "26" of the Verified Complaint, except begs leave to refer all questions of fact to the trier of fact and all questions of law to the Court.

13. Denies the allegations contained in paragraph "27" of the Verified Complaint, except admits that DR. FINE was and still is duly licensed to practice medicine in the State of Florida and that he rendered certain professional care to and for the plaintiff in accordance with acceptable medical standards of due care.

14. Denies the allegations contained in paragraph "28" of the Verified Complaint, except admits that DR. FINE rendered certain professional care to and for said plaintiff in accordance with acceptable medical standards of due care.

15. Denies the allegations contained in paragraph "29" of the Verified Complaint, except begs leave to refer all questions of fact to the trier of fact and all questions of law to the Court.

16. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraphs "30" and "31" of the Verified Complaint.

17. Denies the allegations contained in paragraphs "32", "33", "34," "35," "36" and "37" of the Verified Complaint, except admits that STERLING, DR. FRONTON and DR. FINE rendered certain professional care to and for said plaintiff in accordance with acceptable medical standards of due care.

18. Denies the allegations contained in paragraph "38" of the Verified Complaint, except admits that the answering defendants rendered certain professional care to and for said plaintiff in accordance with acceptable medical standards of due care, and begs leave to refer all questions of fact to the trier of fact and questions to the Court.

19. Denies the allegations contained in paragraphs "39", "40" and "41" of the Verified Complaint.

### AS AND FOR A RESPONSE TO THE SECOND CAUSE OF ACTION FOR LACK OF INFORMED CONSENT

20. Repeats, reiterates and realleges each and every denial or denial of knowledge or information sufficient to form a belief as to each of the allegations of the Complaint reiterated and realleged by the plaintiff in paragraph "42" of the Verified Complaint with the same force and effect as if fully set forth at length.

21. Denies the allegations contained in paragraphs "43", "44", "45", "46" and "47" of the Verified Complaint.

### AS AND FOR A RESPONSE TO THE THIRD CAUSE OF ACTION FOR MEDICAL FACILITY NEGLIGENCE

22. Repeats, reiterates and realleges each and every denial or denial of knowledge or information sufficient to form a belief as to each of the allegations of the Complaint reiterated and realleged by the plaintiff in paragraph "48" of the Verified Complaint with the same force and effect as if fully set forth at length.

23. Denies the allegations contained in paragraphs "49" and "51" of the Verified Complaint, except admits that STERLING rendered certain professional care to and for said

plaintiff in accordance with acceptable medical standards of due care, and begs leave to refer all questions of fact to the trier of fact and all questions of law to the Court.

24. Denies the allegations contained in paragraph "50", "52" and "53" of the Verified Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

25. The action is time barred because plaintiff failed to commence the action within the applicable statute of limitations.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

26. This court lacks personal jurisdiction over one or more of the answering defendants.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

27. Whatever damages the plaintiff may have sustained at the time and place mentioned in the Complaint were caused in whole or in part by the culpable conduct, contributory negligence, and/or comparative negligence of said plaintiff. The amount of damages recovered, if any, shall therefore be diminished in the proportion to which said culpable conduct, contributory negligence and/or comparative negligence attributable to plaintiff bears to the conduct which caused said injuries.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

28. .The answering defendants assert those applicable affirmative defenses for which provisions are made in Public Health Law Section 2805(d).

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

29. .Pursuant to CPLR Article 16, the liability, if any, of the answering defendants for non-economic loss shall not exceed their respective equitable share of liability, and/or pursuant to Florida Statutes §768.81, the answering defendants cannot be liable for more than their proportionate share of any non-economic damages awarded.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

30. In the event plaintiff recovers a verdict or judgment against the answering defendants, then said verdict or judgment must be reduced pursuant to CPLR 4545(c) and/or pursuant to Florida Statute §766.202(2), by those amounts which have been, or will, with reasonable certainty, replace or indemnify plaintiff, in whole or in part, for any past or future claimed economic loss, from any collateral source such as insurance, social security, workers' compensation or employee benefit programs.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

31. . Plaintiff has failed to mitigate his damages as required under Florida law and any recovery should be proportionately reduced as a result of the failure heretofore alleged or barred altogether.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

32. The plaintiff was fully informed of the risks of the treatment that was provided, and, with full and complete appreciation of those risks, voluntarily participated in conduct which exposed plaintiff to the damage now complained of, and consequently plaintiff's claims are barred, in whole or in part, by the doctrine of assumption of the risk.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

33. Plaintiff's damages, if any, are due to the conduct of other persons, parties, or third-parties, over which the answering defendants had no control. Pursuant to <u>Fabre v. Marin</u>, 623 So.2d 1182 (Fla. 1993), <u>Allied Signal, Inc. v. Fox</u>, 623 So.2d 1180 (Fla. 1993) and <u>Messmer v. Teacher's Insurance Company</u>, 588 So.2d 610 (Fla. 5th DCA 1991), any non-economic damages awarded to plaintiff are subject to apportionment by the jury of the total fault of all participants to the incident; furthermore, pursuant to <u>Nash v. Wells Fargo Guard Service, Inc.</u>, 678 So.2d 1262 (Fla. 1996), the answering defendants specifically state that others have participated in the events giving rise to the instant suit, and therefore, caused or substantially contributed to the alleged injuries complained of by the plaintiff.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

34. The answering defendants are entitled to all rights, benefits and conditions precedent and other conditions as contained in the Medical Malpractice Act of 1985, Florida Statute §768.40, et. seq., now §766.101, et. seq.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

35. The answering defendants are entitled to the benefits and protections regarding alternative methods of payment for a damage award, if any, as to periodic payments for future economic losses and expenses as set forth in Florida Statute §768.77.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

36. The answering defendants plead the benefit of all provisions of the Florida Tort Reform Act of 1986 regarding collateral sources, the option to pay judgments over time, and otherwise.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

37. The answering defendants are entitled to the benefits of Florida Statute 768.81 regarding joint and several liability.

**WHEREFORE**, defendants, STERLING MEDICAL ASSOCIATES, LEONARD FRONTON, D.O., and STEVEN FINE, M.D. demand judgment dismissing the plaintiff's Verified Complaint herein, together with costs and disbursements of this action.

Dated: New York, New York
May 2, 2007

Yours, etc.,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By_____
Michael J. Gudzy (MG-1890)
Attorneys for Defendants
STERLING MEDICAL ASSOCIATES, LEONARD
FRONTON, D.O. and STEVEN FINE, M.D.
150 East 42nd Street
New York, New York 10017-5639
(212) 490-3000
File No.: 00799.00295

TO: SHERRI L. PLOTKIN, ESQ.
BARTON BARTON & PLOTKIN LLP
Attorneys for Plaintiff
Office & P.O. Box Address
420 Lexington Avenue
New York, NY 10170
(212) 687-6262

2768785.1

OFFICE OF THE UNITED STATES ATTORNEY  
Eastern District of New York  
Attorneys for defendant UNITED STATES OF AMERICA and DEPARTMENT OF VETERANS AFFAIRS  
147 Pierrepont Street  
Brooklyn, NY  11021

## ATTORNEY'S VERIFICATION

MICHAEL J. GUDZY, being duly sworn deposes and says: That he is an associate of the firm of WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, representing the defendants, STERLING MEDICAL CORPORATION, LEONARD FRONTON, D.O., and STEVEN FINE, M.D.

That pursuant to the CPLR he has read the attached Answer and the same is true to his own belief, and as to those matters, he believes them to be true to the best of his knowledge.

That deponent's sources of information are a claims file containing reports and records of investigation, investigators, parties and witnesses, with which deponent is fully familiar.

That this verification is made by deponent because his clients are not in the county where deponent maintains his office.

Dated:   New York, New York
         May 2, 2007

                                                _____
                                                MICHAEL J. GUDZY

2768785.1