UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

WILLIAM G. GIBBONS,                    :
                                       :
                    Plaintiff,         :            ECF Case
                                       :
        -against-                      :            07 Civ. 2801 (MGC)
                                       :
LEONARD FRONTON, D.O., STEVEN FEIN,    :
M.D., STERLING MEDICAL CORPORATION,    :
DEPARTMENT OF VETERANS AFFAIRS,        :
and THE UNITED STATES OF AMERICA,      :
                                       :
                    Defendants.        :
                                       :
                                       :
                                       :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS DEPARTMENT OF
VETERANS AFFAIRS AND UNITED STATES OF AMERICA'S
MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1) AND 12(b)(6)**

                                MICHAEL J. GARCIA
                                United States Attorney for the
                                Southern District of New York
                                Attorney for Defendants the Department of
                                Veterans Affairs and the United States
                                 of America
                                86 Chambers Street, 4th Floor
                                New York, New York  10007
                                Tel:  (212) 637-2725
                                Fax: (212) 637-2702

ALLISON D. PENN (AP-3787)
Assistant United States Attorney
    -- Of Counsel –

## TABLE OF CONTENTS

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    A.    The Allegations in the Complaint . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    B.    The Deerfield Beach Community-based Outpatient Clinic and Its
           Contractual Relationship with the VA Medical Center . . . . . . . . . . . . . . . . . . . 5

    C.    Dr. Fronton and Dr. Fine Were Employees of Sterling, Not the VA . . . . . . . . . . 9

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

POINT I:    THE COURT SHOULD DISMISS THIS ACTION FOR LACK OF
             SUBJECT MATTER JURISDICTION BECAUSE THE ALLEGEDLY
             NEGLIGENT CARE WAS NOT PROVIDED BY  EMPLOYEES OF
             THE UNITED STATES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

    A.    Standard Governing Motions to Dismiss Under Rule 12(b)(1) . . . . . . . . . . . . . 10

    B.    The Court Lacks Subject Matter Jurisdiction Over Plaintiff's Claims
           Arising from Allegedly Negligent Medical Care That Was Not Provided
           by Employees of the VA . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

POINT II:    PLAINTIFF'S CLAIM AGAINST THE BRONX VA SHOULD BE
             DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH
             RELIEF MAY BE GRANTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

    A.    Standard Governing Motions to Dismiss Under Rule 12(b)(6) . . . . . . . . . . . . . 15

    B.    The Complaint Fails to State a Claim Against the Bronx VA or
           its Employees . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

## TABLE OF AUTHORITIES

**CASES**                                                                                               **PAGE**

B&A Marine Co. v. American Foreign Shipping Co.,
    23 F.3d 709 (2d Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Bell Atlantic Corp. v. Twombly,
    __ U.S. __, 127 S. Ct. 1955 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Bernie v. United States,
    712 F.2d 1271 (8th Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Broussard v. United States,
    989 F.2d 171 (5th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 14

C.P. Chemical Co., Inc. v. U.S.,
    810 F.2d 34 (2d. Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Carillo v. United States,
    5 F.3d 1302 (9th Cir. 1993)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 13

Conley v. Gibson,
    355 U.S. 41 (1957) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Cruz v. United States,
    70 F. Supp. 2d at 1290, 1294 (S.D. Fla. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Ferro v. Ry. Express Agency, Inc.,
    296 F.2d 847 (2d Cir.1961) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Frazier v. Coughlin,
    850 F.2d 129 (2d Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Kramer v. United States,
    843 F. Supp. 1066 (E.D. Va. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Leone v. United States,
    910 F.2d 46 (2d Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12, 14

Lilly v. Fieldstone,
    876 F.2d 857 (10th Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Linkous v. United States,
    142 F.3d 271 (5th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Logue v. United States,
    412 U.S. at 521, 528 (1973) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11,12

Luckett v. Bure,
    290 F.3d 493 (2d Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

MacDonald v. United States,
    807 F. Supp. 775 (M.D. Ga. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Malik v. Meissner,
    82 F.3d 560 (2d Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Medina v. Bauer,
    No. 02 Civ. 8837, 2004 WL. 136636 (S. D. N. Y. Jan. 27, 2004) . . . . . . . . . . . . . . . . . 16

Moreno v. United States,
    965 F. Supp. 521 (S.D.N.Y. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 14

Norman v. United States,
    111 F.3d 356 (3d Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Robb v. United States,
    80 F.3d 884 (4th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 13, 14, 15

Roditis v. United States,
    122 F.3d 108 (2d Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Rodriguez v. Sarabyn,
    129 F.3d 760 (5th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

United States v. Orleans,
    425 U.S. 807 (1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Walker v. City of New York,
    974 F.2d 293 (2d Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Williams v. United States,
    50 F.3d 299 (4th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

## STATUTES

28 U.S.C. § 1346(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

28 U.S.C. § 2671 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

28 U.S.C. § 2675(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

28 U.S.C. § 2679(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 10

38 U.S.C. § 8153 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

**<u>RULES</u>**

Fed. R. Civ. P. 8 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Fed. R. Civ. P. 12(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 15

Defendants the United States of America (the "United States") and the Department of Veterans Affairs ("VA")[1] respectfully submit this memorandum of law in support of their motion to dismiss the Complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

## PRELIMINARY STATEMENT

Plaintiff William G. Gibbons ("plaintiff" or "Gibbons"), has brought this medical malpractice action against the Department of Veterans Affairs, the United States of America, Sterling Medical Corporation, and Drs. Leonard Fronton, and Steven Fein[2] under the Federal Tort Claims Act (the "FTCA"), 28 U.S.C. § 1346(b). Plaintiff alleges that from November 2001, up until the time plaintiff filed his Complaint, defendants failed to diagnose and treat plaintiff's prostate cancer, resulting in permanent injuries to plaintiff.

Plaintiff's action under the FTCA is barred because defendants Sterling Medical Corp., Dr. Fronton and Dr. Fein, cannot be deemed employees of the United States as a matter of law. The alleged negligent diagnosis and treatment of plaintiff was, according to plaintiff's allegations, committed by Sterling, and specifically by doctors Leonard Fronton and Steven Fine, employees of Sterling. Sterling is an independent contractor hired by the VA to operate and staff the VA's Deerfield Beach, Florida Community-based Outpatient Clinic ("CBOC") where plaintiff was treated. The contract between Sterling and the VA from 2001 to 2005, the period of time relevant to plaintiff's Complaint, expressly provided that Sterling employees were not VA

---

[1] The Department of Veterans Affairs is not a proper defendant in this case. See 28 U.S.C. § 2679(a). "The FTCA expressly provides that only the United States may be held liable for torts committed by a federal agency, and not the agency itself." C.P. Chemical Co., Inc. v. U.S., 810 F.2d 34, 37, n.1 (2d. Cir. 1987). Therefore, the VA should be dismissed as a defendant.

[2] The correct spelling of this defendant's name is Dr. Steven Fine. See Penn Decl., Exh. C, docket sheet entry, #4.

employees for any purpose. Pursuant to the contract, Sterling expressly warranted that all of its

medical personnel would be covered by its own malpractice insurance, and that Sterling

employees were not covered by the FTCA. Moreover, the VA did not treat Drs. Fronton or Fine

as employees, the VA did not pay their salaries, or provide them with any benefits or

compensation. Moreover, the VA did not oversee the doctors' performance, supervise their day-

to-day operations, or retain any control over their medical judgment, diagnosis, or treatment of

patients. For these reasons, plaintiff's claims against the VA and the United States relating to the

alleged negligence that occurred from November 2001 to September 2004 while plaintiff was

allegedly under the care of Sterling and its employees, should be dismissed for lack of subject

matter jurisdiction.

Likewise, plaintiff's claims against the Bronx VA should be dismissed for failure to state

a claim upon which relief can be granted. Apart from alleging that plaintiff came under the care

and treatment of the Bronx VA, plaintiff fails to raise any specific allegations of negligence

against the Bronx VA or any doctors associated with that facility. The claims of negligence in

the Complaint are directed wholly to the actions of Sterling, and specifically Drs. Fronton and

Fine, during the time period when plaintiff was allegedly under their care and treatment. Because

the Complaint does not contain any specific allegations against the Bronx VA or its employees,

the Court should dismiss this cause of action for failure to state a claim.

## STATEMENT OF FACTS

On or about July 18, 2006, plaintiff filed an administrative complaint with the VA for

personal injuries allegedly caused by medical malpractice. See Plaintiff's Administrative

Complaint attached to Declaration of Allison D. Penn ("Penn Decl."), Exh. A. Plaintiff sought

$10 million in damages. Id.

-2-

On or about February 16, 2007, plaintiff filed a Complaint in Federal District Court for the Eastern District of New York against defendants Drs. Leonard Fronton, Steven Fine, Sterling Medical Corporation, Department of Veterans Affairs and the United States of America asserting causes of action for medical malpractice, lack of informed consent and medical facility negligence, arising from defendants' alleged failure to diagnose and treat plaintiff's prostate cancer.  See Compl. ¶¶ 30-53, Penn Decl., Exh. B.  Plaintiff sought $30 million in damages.[3]  Id.

On April 6, 2007, the case was transferred on consent of the parties to this court.  See District Court Docket Sheet, entry #1, Penn Decl., Exh. C.  On May 10, 2007, defendants Leonard Fronton,  Steven Fine, and Sterling Medical Associates (s/h/a Sterling Medical Corporation) ("Sterling"), filed an answer to the Complaint.  See Id., entry #4.

A.    The Allegations in the Complaint

Plaintiff alleges that from November 21, 2001, through and including the time of the Complaint, plaintiff was a patient of the defendants VA and the United States of America at different VA facilities, including the Veterans Administration Medical Center in Miami, Florida and in the Bronx, New York.  Compl. ¶ 30.

Plaintiff asserts a cause of action for medical malpractice against the defendants seeking damages in the amount of $10 million. Compl.  ¶¶ 11-41.  Specifically, plaintiff claims that from November 21, 2001, through and including September 9, 2004, while he was a patient of, and under the care and treatment of defendants, Sterling, the VA and the United States of America, at the VA in Miami, Florida, plaintiff came under the care and treatment of defendant Dr. Fronton for treatment of, among other things, complaints of rectal bleeding and blood in the urine.

---

[3]  Plaintiff's damages are limited in this lawsuit to the amount he claimed administratively, or $10 million.  See 28 U.S.C. § 2675(b).  Thus, plaintiff's $30 million demand should be reduced accordingly.

Compl.¶ 35.   Plaintiff also alleges that from November 21, 2001, through September 9, 2004,

while he was under the care of defendants Sterling, VA and the United States of America at the

VA Medical Center in Miami, Florida, he came under the treatment of Dr. Fine for treatment of,

among other things, complaints of rectal bleeding and blood in the urine.  Compl. ¶ 37.

Plaintiff claims that these defendants were negligent in failing to properly provide the

necessary medical care and treatment to plaintiff for the conditions with which he presented, "to

wit, complaints of rectal bleeding and blood in the urine." Compl. ¶  39.  Likewise, plaintiff

claims that the defendants failed to timely and properly interpret blood tests performed on

plaintiff and the "PSA levels which were consistently elevated and were well above the accepted

range of normal."  Id.   Plaintiff claims that defendants failed to perform or recommend

additional diagnostic tests to determine whether he was suffering from prostate cancer, and

negligently advised him that his prostate was normal despite the findings of elevated PSA levels.

Id.  Plaintiff alleges that the defendants permitted plaintiff's prostate cancer to remain

"undetected, undiagnosed, and untreated," thereby preventing other proper and necessary

treatment.  Id.  As a result, plaintiff claims that he was caused to suffer permanent injuries and

complications including "a more advanced stage of prostate cancer with substantially diminished

opportunity for cure and/or recovery."  Id.

Plaintiff also asserts a claim for lack of informed consent and seeks $10 million in

damages on that count.  Compl. ¶¶ 42-47.  He claims that defendants "failed to provide [him]

with the information that reasonably prudent medical practitioners should have provided under

the circumstances," and failed to make him aware of the risks and alternatives to the treatments

used.  Id., ¶ 43.

Finally, plaintiff asserts a cause of action for "medical facility negligence," seeking $10

million in damages on that claim.  Compl. ¶¶ 48-53.  Specifically, he alleges *inter alia* that

Sterling, VA and the United States, "failed and neglected to utilize and apply proper and

acceptable standards and criteria in its hiring of physicians and other medical personnel" and

"failed to and neglected to monitor and supervise the qualifications and performances of its

attendings, residents, family doctors, internists and other staff."  Compl. ¶ 50.  Plaintiff alleges

that defendants Sterling, VA and the United States were negligent in "permitting the co-

defendants Dr. Fronton and Dr. Fein, herein, including all other medical personnel, to perform

and provide medical care, treatment and services, though . . .[these defendants] should have

known that [they] did not possess the requisite knowledge, experience, learning or experience

required to safely perform and/or render the requisite medical care . . . . " Id., ¶ 52.

### B.    The Deerfield Beach Community-based Outpatient Clinic and Its Contractual Relationship with the VA Medical Center

The VA Medical Center entered into a contract ("the Contract") with

Sterling on March 22, 2001, for the administration of three Community-based Outpatient Clinics

("CBOCs"), including the CBOC located in Deerfield Beach, Florida, where the plaintiff

received treatment in this case.[4]  See Declaration of Stacey L. Malott, ("Malott Decl.,) ¶ 3. Exh.

A; Declaration of Larry Joseph Brinkman ("Brinkman Decl."), ¶ 3;  see also Plaintiff's

Administrative Complaint, Penn Decl. A.   The Contract contained options for up to four yearly

renewals, (through March 31, 2006), each of which was exercised.  Id.

The Contract with Sterling called for Sterling to "provide for the continuous delivery and

management of primary and preventative medical care and the continuity of that care for all

_____

[4] CBOCs offer medical services traditionally provided by Internal Medicine or Family Practice doctors.  See Malott Decl., ¶ 4, Exh. A, at 9, ¶ I (2) (a).  The VA has the authority to obtain health care resources by entering into contracts with outside health care providers pursuant to 38 U.S.C. §  8153.

enrolled VA Medical Center patients." Malott Decl., ¶ 4, Exh. A, at 9, ¶ I (1) (a). Pursuant to

the Contract, Sterling was required to:

> provide health care providers, medical facilities, medical
> equipment, and supplies, pharmaceutical prescriptions, and
> all administrative functions to fulfill the level of care and
> range of services as may be required by the VA Medical
> Center, Joint Commission on the Accreditation of
> healthcare organizations (JACHO), or other regulatory
> agencies.

Malott Decl., ¶ 5; Exh. A, at 9, ¶ I (1) (d). Sterling agreed that its "employees providing work

on this contract [would be] fully trained and completely competent to perform the required

work." Id., Exh. A, at 21, ¶ I (Special Contract Requirements) (2) (a).

Pursuant to the Contract, Sterling assumed "responsib[ility] for the administration

and management of all aspects of this contract… [including] employees, subcontracts, agents and

anyone acting on behalf of the Contractor." Malott Decl., ¶ 6, Exh. A, at 9, ¶ I (1) (e).

Additionally, pursuant to the Contract, CBOC healthcare providers were not

considered to be employees of the Department of Veterans Affairs or the United States:

> VA Miami Medical Center and the Contractor(s) are
> separate and independent entities. The relationship between
> the VA Miami Medical Center and the Contractor(s) is
> solely contractual and neither the VA Miami Medical
> Center nor the Contractor(s) nor the employees, servants,
> agents, or representative of either shall be considered the
> employee, servant, agent, or representative of the other.
> None of the provisions of this contract are intended to
> create nor shall they be deemed to create an agency,
> partnership, joint venture, or any other relationship between
> the parties other than independent contractor(s).

Malott Decl., ¶ 7, Exh. A, at 12, ¶ I (2) (f). Furthermore, the Contract provided:

> The parties agree that the contractor(s), its employees,
> agents, and subcontractors shall not be considered VA

-6-

> employees for any purpose. Services furnished by the
> Contractor will be performed by the contractors' personnel
> and will not be considered or treated as Federal employees
> for any purpose; Contractors' personnel will not be
> considered or treated as federal employees for any purpose;
> Contractor's personnel will not be regarded as performing a
> personal service, and will not be eligible for civil service
> employee benefits, including retirement.

Malott Decl., ¶ 7,   Exh. A,  at 23, ¶ I (Special Contract Requirements) (5).

        Pursuant to the Contract, CBOC personnel were independent contractors, not employees

of the Department of Veterans Affairs or the United States:

> It is expressly agreed and understood that this is a
> nonpersonal services contract, as defined in Federal
> Acquisitions Regulation (FAR) 37.101, under which the
> professional services rendered by the Contractor or its
> health care providers are rendered in its capacity as an
> independent contractor.

Malott Decl., ¶ 8,  Exh. A, at 30, ¶ II at 30, ¶ II (Addendum to 52.212-4) (852.237-7) (a).

        In addition, pursuant to the Contract, the Department of Veterans Affairs had no control

over the medical judgments, diagnosis or medical treatments rendered by Sterling's health care

providers:

> The government may evaluate the quality of professional
> and administrative services provided but retains no control
> over professional aspects of the services rendered,
> including by example, the Contractor or its health-care
> providers medical judgment, diagnosis, or specific medial
> [sic] treatments.

Malott Decl.,  ¶ 9, at 30, ¶ II (Addendum to 52.212-4) (852.237-7) (a).

        The Contract also provided that Sterling was to provide CBOC healthcare

providers with medical liability insurance, or, in the alternative, Sterling was to require that the

-7-

healthcare providers obtain their own insurance.

> The contractor and its health-care providers shall be liable
> for their liability-producing acts or omissions. The
> Contractors shall maintain or require all health-care
> providers performing under this contract to maintain,
> during the terms of this contract, professional liability
> insurance issued by a responsible insurance carrier of not
> less than the following amount(s) per specialty per
> occurrence: $1,000,000.00....

Malott Decl., ¶ 11,  Exh. A, at 30, ¶ II (Addendum to 52.212-4) (852.237-7) (a).

Pursuant to the Contract, the parties specifically disclaimed any liability coverage

for CBOC healthcare providers under the Federal Tort Claims Act (FTCA).

> Contractor(s) employees are not covered by the Federal
> Tort Claims Act. When a contractor(s) employees has been
> identified as a provider in a tort claim, the contractor(s)
> employee is responsible for notifying the contractor's legal
> counsel and/or insurance carrier. Any settlement or
> judgment arising from a contractor(s) employee's action or
> non-action is the responsibility of the contractor(s) and/or
> insurance carrier.

Malott Decl., ¶ 12, Exh. A,  at 23, ¶ I (Special Contract Requirements) (8).

Also, the Contract clearly distinguished between the liability of Sterling and its

employees and the liability of the Department of Veterans Affairs and the United States.  Both

parties were liable for their own negligence; neither party was liable for the negligent acts of the

other party:

> The contractor shall obtain all necessary licenses and/or
> permits required to perform this work. He/she shall take all
> reasonable precautions necessary to protect persons and
> property from injury or damage during the performance of
> this contract. He/she shall be responsible for any injury to
> himself/herself, his/her employees, as well as for any
> damage to personal or public property that occurs during

-8-

the performance of this contract that is caused by his/her
employees fault or negligence, and shall maintain personal
liability and property damage insurance having coverage for
a limit as required by the laws of the State of Florida.
Further, it is agreed that any negligence of the Government,
its officers, agents, servants and employees, shall not be the
responsibility of the contractor hereunder with the regard to
any claims, loss, damage, injury, and liability resulting
therefrom.

Malott Decl., ¶ 13, Exh. A, at 31, ¶ II (Addendum to 52.212-4) (852.237-70).

C.     **Dr. Fronton and Dr. Fine Were Employees of Sterling,
        Not the VA**

Drs. Leonard Fronton and Dr. Steven Fine, the two doctors against whom plaintiff asserts

claims in this case, were employees of Sterling, not the VA. Brinkman Decl., ¶¶ 4, 5. According

to the VA's records, Dr. Fronton has been a contract physician with Sterling since January 16,

2002, and Dr. Fine was a contract physician with Sterling from July 18, 2001, until August 5,

2002. Id., ¶ 4. These doctors are not currently, and were not at the time of the allegations in

plaintiff's Complaint, employees of the Miami VA Medical Center. Id. Drs. Fronton and Fine

did not receive salaries or benefits from the Miami VA Medical Center. Id. Hiring decisions

relating to these doctors were not made by the Miami VA Medical Center, and the Miami VA

Medical Center did not maintain personnel folders for these individuals. Id., ¶ 5.

**ARGUMENT**

**POINT I**

**THE COURT SHOULD DISMISS THIS ACTION FOR LACK OF SUBJECT MATTER JURISDICTION BECAUSE THE ALLEGEDLY NEGLIGENT CARE WAS NOT PROVIDED BY EMPLOYEES OF THE UNITED STATES**

> **A.    Standard Governing Motions to Dismiss Under Rule 12(b)(1)**

On a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of establishing, by a preponderance of the evidence, that subject matter jurisdiction exists over his complaint.  See Malik v. Meissner, 82 F.3d 560, 562 (2d Cir. 1996).  In deciding such a motion, this Court may consider evidence outside the pleadings without converting the motion to dismiss into a motion for summary judgment.  See Luckett v. Bure, 290 F.3d 493, 496-97 (2d Cir. 2002).

> **B.    The Court Lacks Subject Matter Jurisdiction Over Plaintiff's Claims Arising from Allegedly Negligent Medical Care That Was Not Provided by Employees of the VA**

Plaintiff's malpractice claim stemming from the allegedly improper medical care provided by Sterling, and particularly, by Drs. Fronton and Fine, is barred by sovereign immunity and should be dismissed, because Sterling, Dr. Fronton, and Dr. Fine were independent contractors of the Government, and the FTCA does not waive the Government's sovereign immunity for claims asserted against the Government's contractors.

The FTCA waives the Government's sovereign immunity only with respect to claims against the United States for personal injury "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b) (emphasis added); see also 28 U.S.C. § 2679(b)(1).  The FTCA defines

-10-

Government "employees" as any "officers or employees of any federal agency, . . . and persons acting on behalf of a federal agency in an official capacity." 28 U.S.C. § 2671. A "federal agency" includes "executive departments, the judicial and legislative branches, the military departments, independent establishments of the United States, and corporations primarily acting as instrumentalities or agencies of the United States, but does not include any contractor with the United States." Id. (emphasis added). Thus, subject matter jurisdiction over tort claims against the Government turns on whether the injuries alleged in the complaint were caused by an employee of the United States or by an independent contractor.

If a plaintiff's alleged injuries were caused by an employee of a contractor, sovereign immunity bars any claim against the United States based on those injuries. See, e.g., Roditis v. United States, 122 F.3d 108, 111 (2d Cir. 1997) ("[S]overeign immunity precludes suits against the United States for injuries caused by its independent contractors."); Leone v. United States, 910 F.2d 46, 49 (2d Cir. 1990) ("The FTCA waiver of sovereign immunity . . . does not extend to independent contractors.").

Whether a person may be considered a federal employee for liability purposes under the FTCA "is a question of federal law." See Leone, 910 F.2d at 49 (citing Logue v. United States, 412 U.S. 521, 528 (1973)). The terms of the contract defining the worker's duties generally provides the most probative evidence of whether he or she is an employee or an independent contractor. See, e.g., Williams v. United States, 50 F.3d 299, 304, 305 (4th Cir. 1995); Norman v. United States, 111 F.3d 356, 357 (3d Cir. 1997); Moreno v. United States, 965 F. Supp. 521, 524 (S.D.N.Y. 1997). The Second Circuit has prescribed the following test:

> Courts have found it indicative of an agency relationship if the Government
> enjoys the "power 'to control the detailed physical performance of the

-11-

contractor,'" . . . or if "the Government in fact supervises the 'day-to-day operations.'"

B&A Marine Co. v. American Foreign Shipping Co., 23 F.3d 709, 713 (2d Cir. 1994) (citations

omitted); see also United States v. Orleans, 425 U.S. 807, 815 (1976); Logue, 412 U.S. at 526.

Courts may also consider relevant factors set forth in the Restatement (Second) of Agency,

including:

> the extent of control which, by agreement, the master may exercise over the details of the work; whether or not the one employed is engaged in a distinct occupation or business; the kind of occupation, with reference to whether the work is usually done under the direction of the employer or by a specialist without supervision; the skill required in the particular occupation; whether the employer or the workman supplies the instrumentalities, tools and the place of work; and the method of payment, whether by time or by the job.

Leone, 910 F.2d at 50 (citing Restatement (Second) of Agency § 220(2)); see also Rodriguez v.

Sarabyn, 129 F.3d 760, 765 (5th Cir. 1997).

"The circuits have consistently held that physicians either in private practice or associated

with an organization under contract to provide medical services to facilities operated by the

federal government are independent contractors, and not employees of the government for FTCA

purposes." Robb v. United States, 80 F.3d 884, 890 (4th Cir. 1996) (collecting cases); see also

Carillo v. United States, 5 F.3d 1302, 1304 (9th Cir. 1993) ("The circuit courts are unanimous in

holding that a contract physician is not an employee of the government under the FTCA.")

(citations omitted).

The Contract demonstrates that the parties did not intend to create a relationship by which

Sterling's physicians would be deemed VA employees for purposes of liability or otherwise. The

Contract expressly provides that Sterling employees are not VA employees for any purpose:

> The parties agree that the contractor(s), its employees, agents, and subcontractors shall not be considered VA employees for any purpose. Services furnished by the

-12-

> Contractor will be performed by the contractors' personnel and will not be
> considered or treated as Federal employees for any purpose; Contractors'
> personnel will not be considered or treated as federal employees for any purpose;
> Contractor's personnel will not be regarded as performing a personal service, and
> will not be eligible for civil service employee benefits, including retirement.

Malott Decl., ¶ 7,  Exh. A,  at 23, ¶ I (Special Contract Requirements) (5).  There is

no provision in the Contract that could be reasonably construed as creating an employer-

employee relationship between Sterling physicians and the VA.  To the contrary, Sterling

expressly warranted that all of its medical personnel would be covered by its own malpractice

insurance, indicating that the parties did not wish the VA to be vicariously liable for the conduct

of Sterling's employees.  Malott Decl. ¶¶  11, 13,  Exh. A, at 30, ¶ II (Addendum to 52.212-4)

(852.237-7) (a), 31, ¶ II (Addendum to 52.212-4) (852.237-70).

    Courts frequently hold that physicians are not federal employees where, as here, the

parties' agreement evinces an intent not to create an employer-employee relationship.  See, e.g.,

Robb, 80 F.3d at 891 (physicians of primary care medical service working in Airforce hospital

were not federal employees where, inter alia, service contracted to provide professional liability

insurance for its personnel); Carillo, 5 F.3d at 1303 (physician working at Army hospital was not

federal employee where, inter alia, company that contracted with federal entity agreed to provide

professional liability insurance for its providers);  Broussard v. United States, 989 F.2d 171, 176

(5th Cir. 1993) (contract physician was not federal employee because, inter alia, contractor that

hired and paid the physician agreed to carry liability insurance for its employees); MacDonald v.

United States, 807 F. Supp. 775, 779 (M.D. Ga. 1992) (that the parties' agreement required

contractor to provide its own malpractice insurance for its employees "is a strong indication that

the party is an independent contractor rather than a federal employee under the FTCA").

Moreover, the VA did not pay Dr. Fronton and Dr. Fine's salaries, or provide them with any compensation or benefits. See Brinkman Decl., ¶ 4;  See, e.g., Robb, 80 F.3d at 891 (physician who received no compensation directly from the United States was not a federal employee); Broussard, 989 F.2d at 176 (same); Cruz v. United States, 70 F. Supp. 2d 1290, 1294 (S.D. Fla. 1990) (physician who received no compensation directly from federally supported health center was not a federal employee); Kramer v. United States, 843 F. Supp. 1066, 1071 (E.D. Va. 1994) ("Payment from the government to a health entity which in turn compensates the individual health care provider on its own terms is an indicator of independent contractor status.").

Furthermore, Drs. Fronton and Fein cannot be regarded as VA employees as a matter of law because the VA did not control the doctors' performance or supervise their day-to-day operations.  The VA did not hire and could not fire these doctors.  Brinkman Decl. ¶ 5. Moreover, the VA did not retain any "control over professional aspects of the services rendered, including by example, the Contractor or its health-care providers medical judgment, diagnosis, or specific medial [sic] treatments." Malott Decl.,  ¶ 9, at 30, ¶ II (Addendum to 52.212-4) (852.237-7) (a).   In sum, the VA  "played no role in the day to day supervision" of the Sterling physicians and "did not control [their] conduct."  Moreno, 965 F. Supp. at 525; see also Linkous v. United States, 142 F.3d 271, 277 (5th Cir. 1998) (physician was not federal employee because "[a]lthough [the Army] exercised some control over the administrative aspects of [the physician]'s practice, such as scheduling appointments and determining fees, [the Army] exercised no control over the day-to-day rendition of medical services"); Leone, 910 F.2d at 50 (physician that agency designated an aviation medical examiner was not government employee

under the FTCA where, <u>inter alia</u>, agency did not "manage the details of . . . [his] work or supervise him in his daily duties").[5]

Accordingly, as Drs. Fronton and Fein were independent contractors of the Miami VA and not Government employees, plaintiff's malpractice claim against the United States stemming from any medical treatment these doctors provided is barred.

### POINT II

### PLAINTIFF'S CLAIM AGAINST THE BRONX VA SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

### A.    Standard Governing Motions to Dismiss Under Rule 12(b)(6)

Dismissal pursuant to Rule 12(b)(6) is appropriate if a plaintiff fails to state a claim upon which relief can be granted. <u>See</u> Fed. R. Civ. P. 12(b)(6). On a motion to dismiss pursuant to Rule 12(b)(6), the Court accepts the factual allegations in the complaint as true and draws all reasonable inferences in favor of the plaintiff. <u>See</u> <u>Walker v. City of New York</u>, 974 F.2d 293, 298 (2d Cir. 1992); <u>Frazier v. Coughlin</u>, 850 F.2d 129, 129 (2d Cir. 1988). However, although a complaint need not set forth detailed factual allegations, a plaintiff's obligation to provide the grounds for his entitlement to relief requires more than labels and conclusions, and the formulaic recitation of the elements of a cause of action. <u>See</u> <u>Bell Atlantic Corp. v. Twombly</u>, __ U.S. __,

---

[5] <u>See also</u> <u>Robb</u>, 80 F.3d at 891 (no federal employee status where "the United States exercised no control over the day-to-day medical judgment of [the physician] including treatment, diagnosis, and referral for treatment"); <u>Lilly v. Fieldstone</u>, 876 F.2d 857, 860 (10th Cir. 1989) (physician was not federal employee because "the Army controlled little about the end result or the manner and method of reaching a result . . . [and] the end result (<u>i.e.</u>, the outcome of the surgery) was beyond the Army's control"); <u>Bernie v. United States</u>, 712 F.2d 1271, 1273 (8th Cir. 1983) (resident physician was not federal employee where hospital contracted with federal entity that "did not exercise control over nor dictate medical judgment . . . in [the] provision of contract health services").

127 S. Ct. 1955, 1964-65 & n.3 (2007). Thus, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint's factual allegations must be sufficient to render a plaintiff's entitlement to relief plausible, rather than speculative, on the assumption that the facts alleged are true even if doubtful.[6] See id. at 1965 ("Factual allegations must be enough to raise the right to relief above the speculative level."); see also id. at 1966-69 (overruling the "no set of facts" standard for motions to dismiss under Rule 12(b)(6) articulated in Conley v. Gibson, 355 U.S. 41 (1957) and requiring that plaintiffs assert factual allegations justifying plausible basis for entitlement to relief).

**B.     The Complaint Fails to State a Claim Against the Bronx VA or its Employees**

Here, apart from alleging that plaintiff came under the care and treatment of the Bronx VA, see Compl. ¶ 30, plaintiff fails to raise any specific allegations of negligence against the Bronx VA or any doctors associated with that facility. The claims of negligence in the Complaint are directed wholly to the actions of Sterling, the VA, the United States, and specifically Drs. Fronton and Fine, while plaintiff was allegedly under their care and treatment from November 21, 2001, up and through September 9, 2004. See Compl. ¶¶ 31-39. Presumably, plaintiff's allegations against the Bronx VA concern a time period subsequent to September 9, 2004, up until the time of the filing of the Complaint. However, plaintiff's complaint does not contain any specific allegations against the Bronx VA or its employees. The

---

[6] Additionally, Fed. R. Civ. P. 8 requires, at a minimum, that a complaint give each defendant "fair notice of what the plaintiff's claim is and the ground upon which it rests." See Ferro v. Ry. Express Agency, Inc., 296 F.2d 847, 851 (2d Cir.1961); see also Medina v. Bauer, No. 02 Civ. 8837, 2004 WL 136636, at *6 (S. D. N. Y. Jan. 27, 2004) (dismissing complaint for failure to give adequate notice to certain defendants as to what they did wrong).

allegations in plaintiff's complaint consist of the defendants' alleged failure to treat plaintiff's complaints of rectal bleeding and blood in the urine; failure to interpret the blood tests performed on plaintiff and the elevated PSA levels; negligently advising plaintiff "that his prostate was normal despite the findings of elevated PSA levels"; and allowing the prostate cancer to remain undetected and untreated.   Compl. ¶ 39.  In light of the fact that plaintiff asserts no specific allegations against the Bronx VA or any doctors connected with it, plaintiff's claim against the Bronx VA should be dismissed for failure to state a claim since there is no "plausible basis for entitlement to relief" against the Bronx VA.

## CONCLUSION

The Court should grant defendant's motion to dismiss for lack of subject matter jurisdiction and failure to state a claim on which relief may be granted.

Dated: New York, New York
      July 19, 2007

Respectfully submitted,

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York

By:    /s/
ALLISON D. PENN (AP-3787)
Assistant United States Attorney
86 Chambers Street
New York, New York 10007
Telephone: (212) 637-2725
Facsimile:  (212) 637-2702