UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x
WILLIAM G. GIBBONS,

        Plaintiff,

-against-

LEONARD FRONTON, D.O., STEVEN FEIN,
M.D., STERLING MEDICAL CORPORATION,
DEPARTMENT OF VETERANS AFFAIRS, and
THE UNITED STATES OF AMERICA,

        Defendants.
------------------------------------------x

ECF Case

07 Civ. 2801 (MGC)

DECLARATION OF
STACEY L. MALOTT

      STACEY L. MALOTT, pursuant to 28 U.S.C. § 1746, declares the following under penalty of perjury:

      1.    As an employee of the Department of Veterans Affairs, I work as a contracting officer at the VA Medical Center ("the VA Medical Center") located in Miami, Florida. I have held this position since June 2004. Prior to June 2004, I worked as a contracting officer for the Department of Veterans Affairs in West Palm Beach, Florida.

      2.    My duties as a contracting officer at the VA Medical Center include negotiating, awarding, and administering contracts for Veterans Affairs Medical Centers throughout Florida. I am responsible for administering the VA Medical Center's current contract with Sterling Medical Associates, Inc. ("Sterling").

      3.    The VA Medical Center entered into a contract ("the Contract") with Sterling on March 22, 2001, for the administration of three community based outpatient clinics ("CBOCs") located in Deerfield Beach, Coral Springs, and Homestead, Florida.
A true and correct copy of the Contract is attached hereto as Exhibit A. The Contract contained

options for up to four yearly renewals. Each of these renewal options was exercised.

4.  CBOCs offer services traditionally provided by Internal Medicine or Family Practice doctors. Exh. A, at 9, ¶ I (2) (a). The Contract called for Sterling, to "provide for the continuous delivery and management of primary and preventative medical care and the continuity of that care for all enrolled VA Medical Center patients." Id. at 9, ¶ I (1) (a).

5.  Pursuant to the Contract, Sterling was to:

> provide health care providers, medical facilities, medical equipment, and supplies, pharmaceutical prescriptions, and all administrative functions to fulfill the level of care and range of services as may be required by the VA Medical Center, Joint Commission on the Accreditation of healthcare organizations (JACHO), or other regulatory agencies.

Id. at 9, ¶ I (1) (d). Sterling agreed that its "employees providing work on this contract [would be] fully trained and completely competent to perform the required work." Id. at 21, ¶ I (Special Contract Requirements) (2) (a).

6.  Pursuant to the Contract, Sterling assumed "responsib[ility] for the administration and management of all aspects of this contract... [including] employees, subcontracts, agents and anyone acting on behalf of the Contractor." Id. at 9, ¶ I (1) (e).

7.  Additionally, pursuant to the Contract, CBOC healthcare providers were not considered to be employees of the Department of Veterans Affairs or the United States:

> VA Miami Medical Center and the Contractor(s) are separate and independent entities. The relationship between the VA Miami Medical Center and the Contractor(s) is solely contractual and neither the VA Miami Medical Center nor the Contractor(s) nor the employees, servants,

2

> agents, or representative of either shall be considered the employee, servant, agent, or representative of the other. None of the provisions of this contract are intended to create nor shall they be deemed to create an agency, partnership, joint venture, or any other relationship between the parties other than independent contractor(s).

Id. at 12, ¶ I (2) (f). Furthermore, the Contract provided:

> The parties agree that the contractor(s), its employees, agents, and subcontractors shall not be considered VA employees for any purpose. Services furnished by the Contractor will be performed by the contractors' personnel and will not be considered or treated as Federal employees for any purpose; Contractors' personnel will not be considered or treated as federal employees for any purpose; Contractor's personnel will not be regarded as performing a personal service, and will not be eligible for civil service employee benefits, including retirement.

Id. at 23, ¶ I (Special Contract Requirements) (5).

8. Pursuant to the Contract, CBOC personnel were independent contractors rather than employees of the Department of Veterans Affairs or the United States.

> It is expressly agreed and understood that this is a nonpersonal services contract, as defined in Federal Acquisitions Regulation (FAR) 37.101, under which the professional services rendered by the Contractor or its health care providers are rendered in its capacity as an independent contractor.

Id. at 30, ¶ II (Addendum to 52.212-4) (852.237-7) (a).

9. Pursuant to the Contract, the Department of Veterans Affairs had no control over the medical judgments, diagnosis or medical treatments rendered by Sterling's health care providers:

3

> The government may evaluate the quality of professional
> and administrative services provided but retains no control
> over professional aspects of the services rendered, including
> by example, the Contractor or its health-care providers
> medical judgment, diagnosis, or specific medial [sic]
> treatments.

Id.

10.  Pursuant to the Contract, Sterling was to allow visits to the CBOCs by Department of Veterans Affairs staff and accrediting agencies for the purpose of "assess[ing] contracted services, e.g. adequacy, compliance with contract requirements, record keeping, etc." Id. at 19, ¶ I (2) (R) (2). CBOCs were to conduct their own monthly audits and make their patient records available to the Department of Veterans Affairs.

11.  In addition, pursuant to the Contract, Sterling was to provide CBOC healthcare providers with medical liability insurance, or, in the alternative, Sterling was to require that the healthcare providers obtain their own insurance.

> The contractor and its health-care providers shall be liable
> for their liability-producing acts or omissions. The
> Contractors shall maintain or require all health-care
> providers performing under this contract to maintain,
> during the terms of this contract, professional liability
> insurance issued by a responsible insurance carrier of not
> less than the following amount(s) per specialty per
> occurrence: $1,000,000.00....

Id. at 30, ¶ II (Addendum to 52.212-4) (852.237-7) (a).

12.  Pursuant to the Contract, the parties specifically disclaimed any liability coverage for CBOC healthcare providers under the Federal Tort Claims Act (FTCA).

4

> Contractor(s) employees are not covered by the Federal Tort Claims Act. When a contractor(s) employees has been identified as a provider in a tort claim, the contractor(s) employee is responsible for notifying the contractor's legal counsel and/or insurance carrier. Any settlement or judgment arising from a contractor(s) employee's action or non-action is the responsibility of the contractor(s) and/or insurance carrier.

Id. at 23, ¶ I (Special Contract Requirements) (8).

13. Also, the Contract clearly distinguished between the liability of Sterling and its employees and the liability of the Department of Veterans Affairs and the United States. Both parties are liable for their own negligence; neither party is liable for the negligent acts of the other party:

> The contractor shall obtain all necessary licenses and/or permits required to perform this work. He/she shall take all reasonable precautions necessary to protect persons and property from injury or damage during the performance of this contract. He/she shall be responsible for any injury to himself/herself, his/her employees, as well as for any damage to personal or public property that occurs during the performance of this contract that is caused by his/her employees fault or negligence, and shall maintain personal liability and property damage insurance having coverage for a limit as required by the laws of the State of Florida. Further, it is agreed that any negligence of the Government, its officers, agents, servants and employees, shall not be the responsibility of the contractor hereunder with the regard to any claims, loss, damage, injury, and liability resulting therefrom.

Id. at 31, ¶ II (Addendum to 52.212-4) (852.237-70).

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
July 17, 2007

*Stacey L. Malott*
STACEY L. MALOTT

6