7817/slp

Case 1:07-cv-02682-ENV-CRER Document 1 Filed 02/16/2007 Page 1 of 16

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

FEB 16 2007

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

WILLIAM G. GIBBONS,

        Plaintiff,

-against-

LEONARD FRONTON, D.O., STEVEN FEIN, M.D., STERLING MEDICAL CORPORATION, DEPARTMENT OF VETERANS AFFAIRS and THE UNITED STATES OF AMERICA,

        Defendants.

Index No. 07 682



VITALIANO, J.

REYES, M.J.

**COMPLAINT**

Plaintiff, complaining of the defendants by his attorneys Barton Barton & Plotkin LLP respectfully alleges, upon information and belief, the following:

**THE PARTIES**

1. The plaintiff WILLIAM GIBBONS is a resident of and domiciled in the County of Westchester, State of New York.

2. The defendant LEONARD FRONTON, D.O. (hereinafter "DR. FRONTON") is a doctor of osteopathic medicine and is licensed to practice as such in the State of Florida and maintains an office for the practice of his profession in the State of Florida.

3. The defendant STEVEN G. FEIN, M.D. (hereinafter "DR. FEIN") is a physician duly licensed to practice medicine in the State of Florida and maintains an office for the practice of his profession in the State of Florida.

4. The defendant STERLING MEDICAL CORPORATION (hereinafter "STERLING") is a foreign corporation, duly organized and existing under and by virtue of the laws of the State of Delaware.

5. The defendant STERLING is a foreign corporation, duly organized and existing under and by virtue of the laws of the State of Florida.

6. Upon information and belief, the defendant STERLING is a foreign corporation with its principal place of business being located in the State of Ohio.

7. The defendant DEPARTMENT OF VETERANS AFFAIRS (hereinafter "VA") is a federal agency with its principal place of business being located at 801 Vermont Avenue NW, Washington DC.

8. The defendant THE UNITED STATES OF AMERICA is a federal entity with its principal place of business being located in Washington DC.

## JURISDICTION AND VENUE

9. Jurisdiction for this action in the United States District Court arises under 28 U.S.C. Section 1346(b) and the Federal Tort Claims Act, 28 U.S.C. 2675(a) which provide that a tort claim which is administratively denied or not given administrative disposition within six months of the filing of the claim may be presented to a Federal District Court for judicial consideration. Venue is appropriate pursuant to 28 U.S.C. Section 1391 based on the plaintiff's permanent residence and domicile in the Eastern District of New York. The amount in controversy exceeds $75,000.

10. Jurisdiction for this action as to the defendants DR. FRONTON, DR. FEIN and STERLING arises under U.S.C. 28 §1332(a)(1) as this is a civil action between citizens of different States and the amount in controversy exceeds $75,000.

## AS AND FOR A FIRST CAUSE OF
## ACTION FOR MEDICAL MALPRACTICE:

11. Prior to the commencement of this action and within two years of its accrual, plaintiff WILLIAM GIBBONS presented an Administrative Tort Claim for Damage, Injury or Death (Standard Form 95) to the United States Government, Office of Regional Counsel, Department of Veterans Affairs, at 801 Vermont Avenue NW, Washington DC. Annexed hereto as Exhibit "A" is a copy of said Administrative Tort Claim form. This claim was acknowledged and was assigned Claim No.: 630A4/02-4J.

12. More than six months have elapsed since the filing and presentation of the aforesaid Administrative Tort Claim to the United States Government, Office of Regional Counsel, Department of Veterans Affairs and to date, no administrative denial has been issued by the Department of Veterans Affairs.

13. Upon information and belief, that at all times herein mentioned, defendant The United States of American owned, operated, maintained, staffed and controlled the Veteran's Administration Medical Center located at 1201 NW 16th Street, Miami, Florida.

14. Upon information and belief, that all times herein mentioned, defendant STERLING, by its agents, servants, staff members, employees and/or independent contractors, operated, maintained, staffed and controlled a Veteran's Administration Medical Center located at 1201 NW 16th Street, Miami, Florida.

15. Upon information and belief, that at all times herein mentioned, defendants VA and/or THE UNITED STATES OF AMERICA entered into a contract and/or agreement with defendant STERLING whereby defendant STERLING would operate, maintain, staff, run and

control the aforesaid Veteran's Administration Medical Center located at 1201 NW 16th Street, Miami, Florida.

16. Upon information and belief, that at all times herein mentioned, defendant STERLING used and employed physicians, staff members and others who were employed, authorized, contracted, retained and/or permitted by defendant STERLING to provide medical and radiological care and treatment and to perform all necessary and proper functions pertaining to any medical and/or diagnostic procedures to all persons cared for and treated at the aforesaid Veterans Administration Medical Center located at 1201 NW 16th Street, Miami, Florida.

17. That at all times herein mentioned, defendant STERLING, its agents, servants, staff members, employees and/or independent contractors, for a consideration, offered to render competent and adequate medical and diagnostic services, care and attention to patients and held itself out to be able to furnish adequate, competent and proper medical care, treatment and facilities and personnel to patients at the aforesaid Veterans Administration Medical Center located at 1201 NW 16th Street, Miami, Florida.

18. That at all times herein mentioned, defendant STERLING by its agents, servants, staff members, employees and/or independent contractors, concealed from patients, including from the plaintiff herein, the fact that STERLING was operating the aforesaid Veterans Administration Medical Center located at 1201 NW 16th Street, Miami, Florida.

19. Upon information and belief, at all relevant times herein mentioned defendant DR. FRONTON was an employee of defendant STERLING.

20. Upon information and belief, at all times herein mentioned defendant DR. FRONTON was an employee of defendant VA.

21. Upon information and belief, at all times herein mentioned defendant DR. FRONTON was an employee of defendant THE UNITED STATES OF AMERICA.

22. That at all times hereinafter mentioned, defendant DR. FRONTON held himself out to the public, and more particularly to the plaintiff herein, as possessing the proper degree of learning and skill, and that he undertook to use reasonable care and diligence in the care and treatment of the plaintiff.

23. Upon information and belief, at all relevant times herein mentioned, defendant DR. FRONTON provided medical services to patients at the aforesaid Veteran's Administration Medical Center located at 1201 NW 16th Street, Miami, Florida.

24. Upon information and belief, at all relevant times herein mentioned, defendant DR. FEIN was an employee of defendant STERLING.

25. Upon information and belief, at all relevant times herein mentioned, defendant DR. FEIN was an employee of defendant VA.

26. Upon information and belief, at all relevant times herein mentioned, defendant DR. FEIN was an employee of defendant THE UNITED STATES OF AMERICA.

27. That at all times hereinafter mentioned, defendant DR. FEIN held himself out to the public, and more particularly to the plaintiff herein, as possessing the proper degree of learning and skill, and that he undertook to use reasonable care and diligence in the care and treatment of the plaintiff.

28. Upon information and belief, at all relevant times herein mentioned, defendant DR. FEIN provided medical services to patients at the aforesaid Veteran's Administration Medical Center located at 1201 NW 16th Street, Miami, Florida.

29.     At all times herein mentioned, the physicians, nurses, attendants and other medical care providers of defendants STERLING and VA were the agents and/or employees of the defendant THE UNITED STATES OF AMERICA and in doing the things hereafter alleged were acting within the scope of their authority as such agents and employees and with the consent of the defendant THE UNITED STATES OF AMERICA.

30.     That commencing on or about November 21, 2001 up through and including the date of this complaint, on a continuing and regular basis the plaintiff WILLIAM GIBBONS has been a patient of and under the care and treatment of the defendants VA and THE UNITED STATES OF AMERICA at different VA facilities, including the aforesaid Veterans Administration Medical Center located at 1201 NW 16th Street, Miami, Florida and at the Bronx Veterans Administration Medical Center located at 130 West Kingsbridge Road, Bronx, New York.

31.     That commencing on or about November 21, 2001 up through and including the date of this complaint, on a continuing and regular basis the plaintiff WILLIAM GIBBONS has been a patient of and under the care and treatment of the defendants VA and THE UNITED STATES OF AMERICA at different VA facilities, including the aforesaid Veterans Administration Medical Center located at 1201 NW 16th Street, Miami, Florida and at the Bronx Veterans Administration Medical Center located at 130 West Kingsbridge Road, Bronx, New York for treatment of, among other things, complaints of rectal bleeding and blood in the urine.

32.     That commencing on or about November 21, 2001 up through and including September 9, 2004 on a continuing and regular basis the plaintiff WILLIAM GIBBONS was a patient of and under the care and treatment of defendant STERLING, its agents, servants,

physicians, staff members, employees and/or independent contractors at the aforesaid Veterans Administration Medical Center located at 1201 NW 16th Street, Miami, Florida.

33. That commencing on or about November 21, 2001 up through and including September 9, 2004 on a continuing and regular basis the plaintiff WILLIAM GIBBONS was a patient of and under the care and treatment of defendant STERLING, its agents, servants, physicians, staff members, employees and/or independent contractors at the aforesaid Veterans Administration Medical Center located at 1201 NW 16th Street, Miami, Florida for treatment of, among other things, complaints of rectal bleeding and blood in the urine.

34. That commencing on or about November 21, 2001 up through and including September 9, 2004 while plaintiff WILLIAM GIBBONS was a patient of, and under the care and treatment of defendants STERLING, VA and THE UNITED STATES OF AMERICA at the aforesaid Veterans Administration Medical Center located at 1201 NW 16th Street, Miami, Florida, plaintiff came under the care and treatment of defendant DR. FRONTON.

35. That commencing on or about November 21, 2001 up through and including September 9, 2004 while plaintiff WILLIAM GIBBONS was a patient of, and under the care and treatment of defendants STERLING, VA and THE UNITED STATES OF AMERICA at the aforesaid Veterans Administration Medical Center located at 1201 NW 16th Street, Miami, Florida, plaintiff came under the care and treatment of defendant DR. FRONTON for treatment of, among other things, complaints of rectal bleeding and blood in the urine.

36. That commencing on or about November 21, 2001 up through and including September 9, 2004 while plaintiff WILLIAM GIBBONS was a patient of, and under the care and treatment of defendants STERLING, VA and THE UNITED STATES OF AMERICA at the

aforesaid Veterans Administration Medical Center located at 1201 NW 16th Street, Miami, Florida, plaintiff came under the care and treatment of defendant DR. FEIN.

37. That commencing on or about November 21, 2001 up through and including September 9, 2004 while plaintiff WILLIAM GIBBONS was a patient of, and under the care and treatment of defendants STERLING, VA and THE UNITED STATES OF AMERICA at the aforesaid Veterans Administration Medical Center located at 1201 NW 16th Street, Miami, Florida, plaintiff came under the care and treatment of defendant DR. FEIN for treatment of, among other things, complaints of rectal bleeding and blood in the urine.

38. That at all times hereinafter mentioned, defendants in rendering medical and diagnostic care and treatment to the plaintiff WILLIAM GIBBONS owed him the duty to use a reasonable degree of learning and skill, the duty to use reasonable care and diligence in the exercising of that learning and skill, the duty to employ approved methods in general use and the duty to use their best judgment in the care and treatment of said plaintiff.

39. The defendants, their agents, servants, physicians, staff members, employees and/or independent contractors were careless and negligent in the ownership, operation, management, maintenance, supervision and control of the aforesaid Veterans Administration Medical Centers and in failing to properly and appropriately provide the necessary and required medical care and treatment to the plaintiff for the conditions with which he presented, to wit, complaints of rectal bleeding and blood in the urine; in deviating and departing from the good and accepted standards of medical care and practice by failing to timely realize and/or appreciate the significance of the plaintiff's complaints of rectal bleeding and urine in the blood; in failing to timely and properly interpret the blood tests performed on the plaintiff, and most notably, the PSA levels which were consistently elevated and were well above the accepted range of normal;

in failing to perform and/or recommend additional diagnostic tests to determine whether or not the plaintiff was suffering from prostate cancer in light of the extremely elevated PSA levels; in carelessly and negligently advising the plaintiff that his prostate was normal despite the findings of the elevated PSA levels; in deviating and departing from the good and accepted standards of medical care and practice by failing to realize and/or recognize the medical significance of the continuing elevation of the plaintiff's PSA levels on subsequent visits between the years 2001 and 2005; in failing to compare the PSA levels with prior PSA level tests performed on the plaintiff; in ignoring the PSA level test results; in failing to realize and/or appreciate that the elevated PSA levels warranted immediate intervention; in failing to take any steps whatsoever to determine the cause and/or etiology for the continuing rising of the plaintiff's PSA levels; in making false and erroneous representations to the plaintiff that nothing was wrong with his prostate and the plaintiff relied upon those representations to his detriment; in failing and neglecting to timely refer the plaintiff to, or request a consultation from, an expert in the appropriate field of medicine; in failing to timely take and/or perform all the necessary, required, warranted and indicated tests to make a proper and accurate diagnosis and render the appropriate and required course of treatment; in lacking the necessary skill, knowledge, experience and competence to make an accurate and correct diagnosis; in failing to timely and properly diagnose that the plaintiff was in fact suffering from prostate cancer; in failing to timely and proper render the necessary, required and indicated course of treatment for prostate cancer; in depriving plaintiff of the opportunity to be treated and cured of this disease which has a high cure rate if diagnosed and treated at an early stage; that by failing to make a timely, proper and accurate diagnosis of prostate cancer, the defendants, their agents, servants, staff members, employees and/or independent contractors, did cause, permit and/or allow the plaintiff's prostate cancer to

remain undetected, undiagnosed and untreated, thereby allowing same to grow, advance, spread and metastasize to a terminal stage; in failing to timely and properly order, recommend, refer or direct the plaintiff to receive proper and timely surgical intervention, adjuvant chemotherapy, radiation and other proper and necessary treatment to prevent and/or control the spread of the prostate cancer; in failing to timely, properly and appropriately treat the prostate cancer; in failing, neglecting, and omitting to timely and properly recognize and diagnose that plaintiff's continuing complaints of rectal bleeding and urine in the blood were indicative of a more serious condition which required full and complete evaluation; in failing, neglecting and omitting to timely and properly monitor, test and treat the plaintiff for the conditions with which he presented; in causing a substantially diminished chance and/or opportunity for cure and recovery; in causing a significant shortening of plaintiff's life expectancy; that as a consequence of the foregoing, the plaintiff was caused to suffer serious and permanent injuries and complications, including, but not limited to, a more advanced stage of prostate cancer with substantially diminished opportunity for cure and/or recovery; terminal prostate cancer, diminished life expectancy, chronic pain, weakness, fatigue, and depression; in deviating and departing from the good and accepted standards of hospital and medical care and practice; in failing to safeguard and protect the health and life of plaintiff; in violating the applicable laws, rules, statutes and regulations in such cases made and provided; in deviating and departing from the good and accepted standards of medical care and practice; and they were otherwise careless and negligent and failed to act in a reasonable and acceptable medical manner. Plaintiff also relies upon the doctrine of Res Ipsa Loquitur but hereby reserves his right to prove the defendants were negligent as more specifically set forth herein.

40. That by reason of the foregoing premises, plaintiff WILLIAM GIBBONS has suffered serious, permanent and terminal injuries and complications including terminal prostate cancer; a severe shock to his nervous system and internal organs; that he has been, and will continue to be compelled to suffer extreme pain and suffering; that he has been and will continue to be incapacitated from attending to his usual and customary activities of daily living and recreational activities; that he requires and will continue to require for the remainder of his life medical care, intervention and treatment for these permanent and terminal injuries and complications; and he has been compelled to suffer physical pain, mental anguish and emotional distress as a result thereof, as well as a loss of enjoyment of life.

41. That by reason of the foregoing, plaintiff WILLIAM GIBBONS has been damaged in a sum not to exceed $10,000,000.00.

## AS AND FOR A SECOND CAUSE OF ACTION FOR LACK OF INFORMED CONSENT:

42. Plaintiff repeats each of the allegations contained in the prior paragraphs of this complaint.

43. Defendants, their agents, servants and/or employees, failed to provide the plaintiff WILLIAM GIBBONS with the information that reasonably prudent medical practitioners should have provided under the circumstances and failed to make the plaintiff aware of the risks and benefits of, and the alternatives to, the procedures and/or medical treatment that was utilized.

44. A reasonably prudent person, being fully informed, would not have consented to the procedures employed by defendants, their agents, servants and/or employees.

45. The procedures employed and the failure to employ appropriate procedures and/or surgical procedures, were the competent producing cause of the terminal injuries suffered by the plaintiff WILLIAM GIBBONS.

46. That by reason of the foregoing, plaintiff suffered serious, permanent and terminal injuries as set forth above.

47. That by reason of the foregoing, plaintiff has been damaged in a sum not to exceed $10,000,000.00.

### AS AND FOR A THIRD CAUSE OF ACTION
### FOR MEDICAL FACILITY NEGLIGENCE:

48. Plaintiff repeats each of the allegations contained in the prior paragraphs of this complaint.

49. Defendants STERLING, VA and THE UNITED STATES OF AMERICA had an obligation, responsibility and duty to the plaintiff to staff its aforesaid medical facilities at the aforesaid locations with competent, board certified and qualified medical personnel, including family doctors, internists and medical staff.

50. That at all times hereinafter mentioned, defendants STERLING, VA and the UNITED STATES OF AMERICA failed and neglected to utilize and apply proper and acceptable standards and criteria in its hiring of its physicians and other medical personnel; failed and neglected to evaluate and properly assess the performance of those physicians applying for employment or professional privileges or renewal thereof; failed and neglected to monitor and supervise the qualifications and performances of its attendings, residents, family doctors, internists and other professional staff; failed and neglected to conduct an appropriate

investigation or background check into the professional history and records of physicians and other members of its staff from previous and/or other hospitals and/or health care facilities with which they had been previously employed or affiliated; failed and neglected to conduct the necessary periodic reviews of the competence of its medical staff as required; failed and neglected to properly supervise and control the actions and performances of physicians and other personnel practicing and/or employed by and at its facility; failed and neglected to strictly comply with statutory credentialing requirements and in generally failing to observe all necessary protocol, practices and procedures, both statutory and in common and in usual use in the profession, all of which resulted in damages to the plaintiff.

51. Defendants STERLING, VA and THE UNITED STATES OF AMERICA, in rendering services to the plaintiff through their respective agents, servants, physicians, staff members, employees and/or independent contractors, owed to plaintiff a duty for said agents, servants, physicians, staff members, employees and/or independent contractors to possess a reasonable degree of learning and skill, the duty for them to use reasonable care and diligence in the exercising of their learning and skill, the duty to use approved methods in general use and the duty to use their best judgment in the care and treatment of the plaintiff.

52. Defendants STERLING, VA and the UNITED STATES OF AMERICA were negligent, careless and guilty of malpractice in permitting the co-defendants DR. FRONTON and DR. FEIN herein, including all other medical personnel, to perform and provide medical care, treatment and services, although defendants STERLING, VA and the UNITED STATES OF AMERICA knew, or should have known, that defendants herein, including all other medical personnel, did not possess the requisite knowledge, experience, learning or experience required

to safely perform and/or render the requisite medical care, procedures, treatment and services to plaintiff.

53. That by reason of the foregoing, plaintiff has been damaged in a sum not to exceed $10,000,000.00.

WHEREFORE, plaintiff demands judgment against the defendants on the First Cause of Action in a sum not to exceed $10,000,000.00, on the Second Cause of Action in a sum not to exceed $10,000,000.00, on the Third Cause of Action in a sum not to exceed $10,000,000.00, and seeking punitive damages in an amount that is fair, reasonable and just, together with the interest, costs and disbursements of this action.

Dated: New York, New York
February 13, 2007

                    Respectfully submitted,

                    SHERRI L. PLOTKIN, ESQ. (3216)
                    BARTON BARTON & PLOTKIN LLP
                    Attorneys for Plaintiff
                    Office & P.O. Address
                    420 Lexington Avenue
                    New York, NY 10170
                    Tel.: 212-687-6262

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of the form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, street, city, State and Zip Code) |
|---|---|
| Dept. of Veterans Affairs<br>801 Vermont Avenue NW<br>Washington DC 20420 | William Gibbons, 194 Garth Road, Scarsdale, NY 10583 by his attorneys:<br>Barton Barton & Plotkin LLP<br>420 Lexington Avenue, NYC 10170 |

| 3. TYPE OF EMPLOYMENT<br>☐ MILITARY ☒ CIVILIAN | 4. DATE OF BIRTH<br>1/30/48 | 5. MARITAL STATUS<br>Divorced | 6. DATE AND DAY OF ACCIDENT<br>9/10/02 thru & including 3/2005 | 7. TIME (A.M. or P.M.)<br>N/A |
|---|---|---|---|---|

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof) (Use additional pages if necessary.)

Failure to timely diagnose and treat prostate cancer in William Gibbons, a retired Air Force personnel, despite evidence of consistently elevated PSA levels found on multiple blood tests performed at VA facilities between 2002 and March 2005, including the following findings: a PSA level of 7.07 on 9/10/02; a PSA level of 6.98 on 12/10/02; a PSA level of 7.06 on 10/1/03; a PSA level of 8 in September 2004 and a PSA level of 10 in March 2005. The PSA tests from 9/02 through 9/04 were performed at the Deerfield Beach Florida VA Hosptial and the 3/05 PSA tests were performed at the Bronx VA Hospital, Bronx, NY. Annexed hereto are copies of a portion of the Florida VA records we have received to date. We have not yet received the Bronx VA records.

9. PROPERTY DAMAGE

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, street, city, State, and Zip Code)

Not applicable.

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side.)

Not applicable.

10. PERSONAL INJURY/WRONGFUL DEATH

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

Stage IV prostate cancer with metastases, urinary incontinence and erectile dysfunction, among other complications. Mr. Gibbons has undergone radical surgery and is currently undergoing radiation treatment. Mr. Gibbons has a significantly reduced life expectancy of only 2 to 5 more years of life.

11. WITNESSES

| NAME | ADDRESS (Number, street, city, State, and Zip Code) |
|---|---|
| Undetermined at this time. | |

12. (See instructions on reverse)   AMOUNT OF CLAIM (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
|---|---|---|---|
| N/A | $10 Million | N/A | $10 Million |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.)<br>*[signature]* Legal Counsel for William Gibbons<br>Sherri L. Plotkin, Esq. on behalf of William Gibbons | 13b. Phone number of signatory<br>212-687-6262 | 14. DATE OF CLAIM<br>7/10/06 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of $2,000 plus double the amount of damages sustained by the United States. (See 31 U.S.C. 3729.) | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.) |

95-109
Previous editions not usable.   NSN 7540-00-634-4046   STANDARD FORM 95 (Rev. 7-85) (EG)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.

A. **Authority:** The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 38 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R.

B. **Principal Purpose:** The information requested is to be used in evaluating claims.

C. **Routine Use:** See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.

D. **Effect of Failure to Respond:** Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim

## INSTRUCTIONS

Complete all items - Insert the word NONE where applicable

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

Any instructions or information necessary in the preparation of your claim will be furnished, upon request, by the office indicated in Item #1 on the reverse side. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplemental regulations also. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with said claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file claim for both personal injury and property damage, claim for both must be shown in Item 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:
(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to completely execute this form or to supply the requested material within two years from the date the allegations accrued may render your claim "invalid". A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

Failure to specify a sum certain will result in invalid presentation of your claim and may result in forfeiture of your rights.

Public reporting burden for this collection of information is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden,

to Director, Torts Branch
Civil Division
U.S. Department of Justice
Washington, DC 20530

and to the
Office of Management and Budget
Paperwork Reduction Project (1105-0008)
Washington, DC 20503

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

**15. Do you carry accident insurance?** ☐ Yes, If yes, give name and address of insurance company (Number, street, city, State, and Zip Code) and policy number. ☒ No

Not applicable.

**16. Have you filed claim on your insurance carrier in this instance, and if so, is it full coverage or deductible?**

Not applicable

**17. If deductible, state amount**

**18. If claim has been filed with your carrier, what action has your insurer taken or proposes to take with reference to your claim?** (It is necessary that you ascertain these facts)

**19. Do you carry public liability and property damage insurance?** ☐ Yes, If yes, give name and address of insurance company (Number, street, city, State, and Zip Code) ☐ No

Not applicable.

SF 95 (Rev. 7-85) BACK