## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILLIAM GIBBONS,<br><br>                              Plaintiff,<br><br>        -against-<br>LEONARD FRONTON, D.O., STEVEN FEIN, M.D., STERLING MEDICAL CORPORATION, DEPARTMENT OF VETERANS AFFAIRS and THE UNITED STATES OF AMERICA,<br>                              Defendants. | ECF Case<br><br>Case No.:  07-CV-2801 (MGC) |

## PLAINTIFF'S MEMORANDUM OF LAW

THOMAS P. GIUFFRA
BARTON, BARTON & PLOTKIN, LLP
*Attorneys for Plaintiff*
420 Lexington Avenue
New York, New York 10170
Tel. (212) 687-6262
Fax (212) 697-3043

November 13, 2007

## ***TABLE OF CONTENTS***

TABLE OF AUTHORITIES ..........................................................................................Page i

ISSUES PRESENTED......................................................................................................Page 1
BACKGROUND INFORMATION ................................................................................Page 1

LEGAL STANDARD FOR THE DISCRETIONARY FUNCTION EXCEPTION:
Legal Standard ....................................................................................................................Page 3
Defendant's Burden ...........................................................................................................Page 4
Plaintiff's Burden................................................................................................................Page 5

DISCUSSION:
A.    Discretionary Function Exception Does Not Apply to Plaintiff's Medical
      Malpractice Cause of Action ..............................................................................Page 9

B.    Plaintiff's Complaint Expressly Pleads a Cause of Action for Negligent Hiring
      and Supervision ....................................................................................................Page 9

C.    The Discretionary Function Exception Does Not Apply if a Federal Statute or
      Regulatory Policy Prescribes Conduct ..............................................................Page 12

D.    The Discretionary Function Exception Does Not Apply when the Government
      Fails to Act in Accordance with Specific Mandatory Directives .......................Page 15

E.    The Discretionary Function Exception Does Not Apply when the Challenged
      Conduct is an Impermissible Exercise of a Policy Judgment ......................Page 17

CONCLUSION...................................................................................................................Page 19

### *TABLE OF AUTHORITIES*

Andrulonis v. United States
  924 F.2d 1210 (2d Cir. 1991)......................................................................Page 3

Autery v. United States
992 F.2d 1523 (11th Cir. 1993) ...............................................................Page 4

Baker v. United States
817 F.2d 560, 566 (9th Cir. 1987) .........................................................Page 10

Barnson v. U.S.
816 F.2d 549 (10th Cir. 1987) ...............................................................Page 5

Barton v. United States
609 F.2d 977, 979 (10th Cir. 1979) .......................................................Page 11

Berkovitz v. United States
486 U.S. 531 (1988).................................................................................Page 3, 11

Blessing v. United States
447 F. Supp. 1160 (E.D. Pa. 1978) ...........................................................Page 15

Brown v. United States
1994 U.S. Dist. LEXIS 8793 (W.D.N.Y. June 8, 1994).............................Page 4

Caban v. United States
671 F.2d 1230 ...........................................................................................Page 15

Collins v. United States
783 F.2d 1225, 1230 (5th Cir. 1986) ........................................................Page 10

Coulthurst v. United States
214 F.3d 106 (2d. Cir. 2000).....................................................................Page 3 -7, 9,
                                                                                                        10, 14, 16
Cuoco v. U.S. Bureau of Prisons
No. 98 Civ. 9009 (S.D.N.Y. Sept. 22, 2003) ............................................Page 17

Dalehite v. United States
346 U.S.15 (1953).....................................................................................Page 4, 10

Edwards v. Dept. of Children & Youth Servs.
 271 Ga. 890 (2000) ..................................................................................Page 2

Garcia v. Duffy
492 So.2d 435 (Fla. 2d. DCA 1986) ........................................................Page 17

Gaubert v. United States
499 U.S. 315 (1991) ..........................................................................Page 3, 4, 5

Gonzalez v. United States
690 F. Supp. 251 (S.D.N.Y. July 15, 1988).........................................Page 4, 5, 16

Griggs v. United States
178 F.2d 1 (10th Cir. 1949) ..............................................................Page 8

Jackson v. Kelly
557 F.2d 735 (10th Cir. 1977) ..........................................................Page 8, 11

Magee v. United States
121 F.3d 1 (1st Cir. 1997).................................................................Page 8

Malicki v. Doe
814 So.2d 347 (Fla. 202)..................................................................Page 18

Mallory v. O'Neil
69 So.2d 313 (Fla. 1954) .................................................................Page 17

Nin v. Liao
2004 U.S. Dist. LEXIS 24917 (S.D.N.Y. Dec. 9, 2004).................... Page 15

Prescott v. United States
973 F.2d 696 (9th Cir. 1992) ............................................................Page 4

Rise v. United States
630 F.2d 1068 (5th Cir. 1980) ..........................................................Page 8

Rowell v. United States
1991 U.S. Dist. LEXIS 8497 (S.D.N.Y. June 19, 1991).....................Page 3, 12,
                                                                                   14, 15

Tallahassee Furniture Co., Inc. v. Harrison
583 So.2d 435 (Fla. 2d. DCA 1986) .................................................Page 17

United States v. Gray
199 F.2d 239 (10th Cir.1952) ...........................................................Page 8

Young v. City of Des Moines
262 N.W.2d 612 (Iowa 1978) ...........................................................Page 5

ii

**ISSUES PRESENTED**

1.    Question:    Is Defendant THE UNITED STATES OF AMERICA entitled to dismissal of plaintiff's claim alleging Defendant's negligent hiring and supervision of LEONARD FRONTON, D.O. and STEVEN FEIN, M.D.?

Answer:    No.

2.    Question:    Did Defendant THE UNITED STATES OF AMERICA violate a federal statute or governmental policy that would bar it from immunity under the discretionary function exception of the FTCA?

Answer:    Yes.

3.    Question:    Did Defendant THE UNITED STATES OF AMERICA's actions involve an impermissible exercise of policy judgment that would bar it from immunity under the discretionary function exception to the FTCA?

Answer:    Yes.

4.    Question:    Has defendant THE UNITED STATES OF AMERICA met its burden in establishing its entitlement to dismissal under the discretionary function exception to the FTCA?

Answer:    No.

**BACKGROUND INFORMATION**

This is a medical malpractice action seeking to recover from serious and permanent personal injuries sustained by the plaintiff WILLIAM GIBBONS arising out of defendants' negligence and medical malpractice in failing to properly and timely refer the plaintiff to a

1

urologist and/or specialist at the Miami VA Hospital pursuant to VA protocol upon receipt of several abnormal PSA lab results and an abnormal digital rectal exam.

It is plaintiff's contention that defendants' failure to timely and properly refer the plaintiff to a urologist and/or specialist at the Miami VA Hospital significantly delayed diagnosis of plaintiff's prostate cancer and thereby caused, created and allowed plaintiff's prostate cancer to progress to a terminal stage.

Defendant THE UNITED STATES OF AMERICA argues that Plaintiff's claim for negligent hiring and supervision against Defendant THE UNITED STATES OF AMERICA is barred by the discretionary function exception to the FTCA. Defendant UNITED STATES OF AMERICA is not entitled to dismissal of the Plaintiff's cause of action for the negligent hiring and supervision of CBOC physicians because Defendant has failed to meet its burden under the discretionary function test adopted by the Second Circuit.

## LEGAL STANDARD FOR THE DISCRETIONARY FUNCTION EXCEPTION

### *Discretionary Function Exception Standard*

The discretionary function exception is set forth in 28 U.S.C. § 2680(a) and provides that the United States is immune from liability for any claim "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). The underlying purpose of the act is to avoid judicial "second-guessing" of policy decisions of the executive and legislative branches of the government and to "prevent courts from substituting their own judgment for the policy decisions." Edwards v. Dept. of Children & Youth Servs., 271 Ga. 890 (2000).

The Second Circuit has set forth the following two-prong discretionary function test: "To determine whether conduct falls within the exception, we must focus on the 'nature of the conduct, rather than the status of the actor' and use a two-step process to examine the challenged conduct. First, we must consider whether the conduct was a matter of choice for the acting employee, and if so, we must then determine whether the employee's actions involved public policy considerations." Andrulonis v. United States, 924 F.2d 1210, 1218 (2d. Cir. 1991); Coulthurst v. United States, 214 F.3d 106, 109 (2d. Cir. 2000).

Under the first prong, the discretionary function will not apply if there is a federal statute, regulation or policy which prescribes behavior because the conduct "cannot be discretionary unless it involves an element of judgment or choice." Rowell v. United States, 1991 U.S. Dist. LEXIS 8497, at *6 (S.D.N.Y. June 19, 1991). Additionally, the discretionary function exception does not apply when an "FTCA suit charges a federal agency in failing to act in accordance with a specific mandatory directive." Berkovitz v. United States, 486 U.S. 531 (1988).

Under the second prong, not all government actions that may involve discretion are automatically protected by the discretionary function exception because they do not all "involve the type of public policy judgments the exception was intended to protect." Rowell v. United States, 1991 U.S. Dist. LEXIS 8497, at *10, citing, Gaubert v. United States, 499 U.S. 315, 322-23 (1991).

### Defendant's Burden

Although plaintiff bears the burden for persuading the court that subject matter jurisdiction exists under the FTCA, it is the government that bears the burden of pleading the discretionary function defense as well as proving that the discretionary function exception

applies. <u>Autery v. United States</u>, 992 F.2d 1523, 1526, <u>citing</u>, <u>Prescott v. United States</u>, 973 F.2d 696, 701 (9th Cir. 1992). <u>See also</u> <u>Gaubert v. United States</u>, 499 U.S. at 322-23; <u>Berkovitz v. United States</u>, 486 U.S. at 536-37.

The District Courts of New York agree. In <u>Brown v. United States</u>, the District Court for the Western District of New York confirmed that "the government bears the burden of establishing the applicability of the discretionary function." <u>Brown v. United States</u>, 1994 U.S. Dist. LEXIS 8793, at *24 (W.D.N.Y. 1994). Therefore, it is the government's burden to establish that the action undertaken to regulate or control a certain activity was discretionary and that the discretionary action taken was a permissible exercise of a policy judgment.

Specifically, the government must establish that its discretionary actions are "specifically tied to the policy missions of their agencies" in order to obtain dismissal of the complaint. <u>Gonzalez v. United States</u>, 690 F. Supp. 251, 255 (S.D.N.Y. July 15, 1988), <u>citing</u>, <u>Dalehite v. United States</u>, 346 U.S. 15, 34 (1953). Without sufficient evidence, the government will not be protected by the discretionary function exception and will be "held liable to the extent of any other employer." <u>Gonzalez v. United States</u>, 690 F.Supp. at 255. <u>See also</u> <u>Coulthurst v. United States</u>, 214 F.3d 106 (affirming that the <u>Gaubert</u> and <u>Berkovitz</u> standard placing the burden on the United States to establish that its actions are "grounded in considerations of public policy in order to obtain dismissal of a suit" is controlling. <u>Id</u>. at 111).

Further, the court will carefully scrutinize the policy objectives offered by the United States to determine if, in fact, they are sufficiently related to governmental decision or action at issue. "Simply because the government entity exercised discretion in a particular action

4

does not assure it immunity." See also Doe v. Cedar Rapids Community School District, citing, Young v. City of Des Moines, 262 N.W.2d 612, 620 (Iowa 1978).

In Gonzalez v. United States, the government argued that its decision to set up a system of divider ropes and stanchions to regulate the flow of customers at a post office was in furtherance of the "nationwide policy for development and implementation of cost effective retail postal facilities." Gonzalez v. United States, 690 F.Supp. at 256. quoting from, Gov. Brief at 11,13. Despite the government's offering of proof, the District Court for the Southern District of New York denied the government's motion to dismiss because it found that the government's actions "did not arise out of the agency's statutory mission" and determined that this governmental decision was "not the kind of policy decision protected by statute." Id.

Thus, the court will look beyond the government's assertions of underlying policy objectives to determine if the activity the government undertook to regulate or control involved a permissible and plausible exercise of policy judgment that would be protected by the discretionary function exception.

### Plaintiff's Burden

For a plaintiff to survive a motion to dismiss based on a discretionary function defense, the complaint must allege facts that could support a finding that the challenged actions are not discretionary or that they are not the kind of conduct that can be said to be grounded in the policy of a regulatory regime. Gaubert v. United States, 499 U.S. 315, 111 S.Ct. at 1274-75 (1991).

The Second Circuit Court of Appeals adopted the standard articulated in Gaubert. In Coulthurst, the Second Circuit Court of Appeals held that a motion to dismiss will not be

granted when a plaintiff's complaint can be "fairly read" to allege conduct "unrelated to any plausible policy objectives." Coulthurst v. United States, 214 F.3d 106 (vacating the District Court's dismissal of plaintiff's action and holding that plaintiff's complaint alleged "conduct which, if proven, falls outside the scope of the DFE [discretionary function exception]" Id. at 111.).

Further, dismissal should not be granted where a complaint is ambiguous as to the plaintiff's claims of negligence. Dismissal should only be granted when a plaintiff "is unable to offer sufficient evidence to establish a triable issue of fact on any theory of negligence outside the scope of the DFE." Coulthurst v. United States, 214 F.3d at 107. The Court of Appeals for the Second Circuit has recommended that when a plaintiff presents an ambiguous complaint wherein the allegations of negligence may or may not fall within scope of the discretionary function exception, the proper course of action is to continue with discovery and to place the burden on the Government to demand clarification of the plaintiff's allegations by serving interrogatories, etc. Id. at 111.

Further, the court may look to see if the complaint is "susceptible to various readings" in order to determine whether the plaintiff is attacking a policy promulgated by the government (a claim that would be barred by the discretionary function exception) or whether the plaintiff is alleging negligence in complying with an established governmental policy (a claim that would not be barred by the defense). Coulthurst v. United States, 214 F.3d at 109 (holding that the plaintiff's ambiguous complaint could be read to include governmental activities that fell outside the scope of the discretionary function exception).

In sum, the burden is on the defendant to offer evidence based on the specific facts of the case at bar in order to obtain protection under the discretionary function exception. As

evident in Defendant's Reply, no factual evidence of any kind has been offered to support a finding that the discretionary function exception bars Plaintiff's cause of action for negligent hiring and supervision.

Conversely, Plaintiff has met his burden to overcome a Defendant's motion to dismiss based on a discretionary function defense. First, Plaintiff's complaint explicitly sets forth a cognizable claim for negligent hiring, retention and supervision of CBOC physicians against the Government. Second, as demonstrated below, the complaint can be "fairly read" to allege that the Government departed from its own polices established to govern hiring, retention and supervision of CBOC physicians. A negligence claim based on an alleged failure to comply with an already established mandatory policy is not barred by the discretionary function exception. Therefore, dismissal of plaintiff's cause of action for negligent hiring and supervision should not be granted.

## DISCUSSION

### A.    *Discretionary Function Exception Does <u>Not</u> Apply to Plaintiff's Medical Malpractice Cause of Action*

As the court is aware, Defendant raises a defense based on the discretionary function exception for the first time in its Reply submitted in response to Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss. Significantly, Defendant raises this defense only as to plaintiff's cause of action for negligent hiring and supervision of CBOC physicians. Therefore, plaintiff's allegations arising from Defendant's medical negligence are not subject to dismissal based on the discretionary function exception.

It is well-settled that the discretionary function exception does not apply to medical decisions made in the course of treatment. Barnson v. U.S., 816 F.2d 549, 555 (10th Cir. 1987). Medical decisions fall outside the considerations of public policy and are therefore

not protected by the discretionary function exception. See Magee v. United States, 121 F.3d 1 (1st Cir. 1997) (decisions about specific medical treatment fall outside protection of the discretionary function exception); Rise v. United States, 630 F.2d 1068, 1072 (5th Cir. 1980) (failure to provide proper medical care cannot be considered the exercise of a discretionary function); Jackson v. Kelly, 557 F.2d 735 (10th Cir. 1977) (discretionary function exception does not absolve government from liability for negligent medical care).

In Griggs v. United States, the court held that the discretionary function exception did not apply to medical treatment because "it is manifestly plain that the alleged acts of negligence, while involving skill and training, were non-discretionary." Griggs v. United States, 178 F.2d 1, 3 (10th Cir. 1949). See also United States v. Gray, 199 F.2d 239 (10th Cir.1952) (holding that the discretionary function exception does not immunize an army hospital where the "government was not authorized to exercise in an unbridled manner and without due regard for the known facts and circumstances a plain and clear duty or function in respect her [the plaintiff's] care and treatment." Id. at 241-242).

Therefore, Defendants' discretionary function defense should not be applied to any claims in connection with Defendant's medical malpractice since this defense pertains solely to the Plaintiff's allegations of negligent hiring and supervision.

**B.      *Plaintiff's Complaint Expressly Pleads a Cause of Action for Negligent Hiring and Supervision***

Plaintiff's complaint sets forth a cognizable cause of action against Defendant for negligent hiring and supervision of CBOC physicians despite Defendant's argument to the contrary. See Def. Reply at p. 12. Plaintiff's complaint specifically alleges the following claims:

8

The UNITED STATES OF AMERICA failed and neglected to utilize and apply proper and acceptable standards and criteria in its hiring of its physicians and other medical personnel; failed and neglected to evaluate and properly assess the performance of those physicians applying for employment or professional privileges or renewal thereof; failed and neglected to monitor and supervise the qualifications and performances of its attendings, residents, family doctors, internists and other professional staff; failed and neglected to conduct an appropriate investigation or background check into the professional history and records of physicians and other members of its staff from previous and/or other hospitals and/or health care facilities with which they had been previously employed or affiliated; failed and neglected to conduct the necessary periodic reviews of the competence of its medical staff as required; failed and neglected to properly supervise and control the actions and performances of physicians and other personnel practicing and/or employed by and at its facility; failed and neglected to strictly comply with statutory credentialing requirements and in generally failing to observe all necessary protocol, practices and procedures, both statutory and in common and in usual use in the profession. *See* Penn Declaration, Exhibit "B" at ¶ 50.

According to the Court of Appeals for the Second Circuit, a complaint that *can be fairly read to allege conduct which falls outside the discretionary function exception* can survive a motion to dismiss. Coulthurst v. United States, 214 F.3d at 107.

In Coulthurst, the Court of Appeals for the Second Circuit held that plaintiff's complaint could be "fairly read" to encompass claims of negligence that fell outside the discretionary function exception. The plaintiff's complaint in Coulthurst alleged that federal officers of a federal prison "failed to diligently and periodically inspect the weight equipment" and "failed to replace the cable [on the weight machine] after undue wear and tear." Id. at 111. The Court hypothesized that if federal officials who failed to perform diligent inspections did so out of "laziness" or "inattentiveness," the Government would not be immune from liability. The Court of Appeals reasoned that because challenged governmental conduct could be unrelated to any policy objectives, the plaintiff's case should not be barred by the discretionary function exception without further discovery.

Similar to the complaint in Coulthurst, plaintiff's complaint in the instant matter is broad enough to encompass negligence claims that involve governmental activities that could reasonably fall outside the discretionary function exception to the FTCA. For example, plaintiff's complaint can be *fairly read* to include a claim that Defendant negligently departed from mandatory governmental procedures established for hiring, retention and supervision of CBOC physicians and/or a claim or that Defendant negligently failed to comply with statutory credentialing requirements.

Further, Plaintiff's complaint does not attack the government's choice in its regulatory scheme nor the soundness of the Government's determinations in establishing and initiating hiring and personnel policies. To the contrary, Plaintiff alleges that the Government negligently failed to carry out governmental policies in accordance with official directions. See Collins v. United States, 783 F.2d 1225, 1230 (5th Cir. 1986), quoting, Dalehite v. United States, 246 U.S. at 35-36. (holding that government's failure to perform proper inspections was not protected by the discretionary function exception because the plaintiff's claims did not focus on the initiation of programs or determinations made in establishing plans, specifications or schedules of operation nor on the agency's choice of its regulatory scheme, but rather focused entirely on the acts of subordinates in carrying out [or failing to carry out] the operations of the government in accordance with official directions"). It is well-settled that the "negligent failure to obey a regulatory command" can give rise to FTCA liability and thus preclude a defense based on the discretionary function exception. Baker v. United States, 817 F.2d 560, 566 (9th Cir. 1987).

As demonstrated below, Plaintiff has met his burden under the Second Circuit Court of Appeals standard in alleging an explicit cause of action for negligent hiring and

supervision that could be "fairly read" to include governmental activities that fall outside the scope of the discretionary function exception.

**C.      The Discretionary Function Exception Does Not Apply if a Federal Statute or Regulatory Policy Prescribes Conduct**

The <u>first inquiry</u> under the Discretionary Function Test is to determine whether the challenged actions were discretionary or controlled by mandatory statutes or regulations. The discretionary function exception will **not** apply when a federal statute, regulation, or policy specifically prescribes a course of action for a government agent to follow because there is no room for the agent to make discretionary regulatory judgments. <u>Berkovitz v. U.S.</u>, 486 U.S. 531 (1988).   In short, if there is a governmental standard by which an agent's actions can be measured, the agent's activities do not fall within the discretionary function exception. <u>Barton v. United States</u>, 609 F.2d 977, 979 (10th Cir. 1979).   Further, a duty is discretionary only if "in involves judgment, planning, or policy decisions.   It is not discretionary if it involves enforcement or administration of a mandatory duty . . ." <u>Jackson v. United States</u>, 557 F.2d 735, 738-739 (10th Cir. 1977).

Defendant's unsupported blanket assertion that "no mandatory statute or regulation governs the CBOC's supervision of its employees and contractors" in the instant matter is without merit. <u>See</u> Def. Reply, p. 13. The contract between Sterling and the Miami VA provides ample evidence that the VA had created mandatory regulatory policies that specifically governed the hiring and supervising of CBOC physicians.   Defendant has failed to satisfy the first prong of the discretionary function test since the Government has not provided any proof whatsoever that the hiring, retention, and supervision of CBOC physicians was not governed by mandatory VA policies.

Although plaintiff is not in possession of the specific governmental policies that regulate the hiring and supervising of CBOC physicians because discovery has not yet commenced in this matter, the express terms of the contract support a conclusion that such policies exist. At the very least, a substantial question of fact is raised with respect to the scope, purpose and effect of the mandatory federal policies governing personnel and hiring decisions that could potentially deprive the Government and its agents of exercising the degree of discretion required by the discretionary function exception in hiring, retaining and supervising CBOC physicians.

It is well-settled that a contract between the government and another entity can create and/or require a course of prescribed conduct that would satisfy the first prong of the discretionary function test. In Rowell v. United States, the plaintiff alleged that the contract between the government and its contractor Mid-State Industries imposed a mandatory duty on the Government to supervise Mid-State and to ensure Mid-State's compliance with safety regulations as required. The Court for the Southern District of New York held that the "decision to supervise Mid-State and ensure that it was complying with safety regulations was not a matter of choice for Government employees; **it was explicitly mandated by the contract between the Government and the United States [emphasis added]."** Rowell v. United States, 1991 U.S. Dist. LEXIS 8497, at *7. The court found that the contract itself was evidence that the Government had "issued a clear directive and the employee or employees had no choice but to adhere to it." Id.

In the case at bar, the contract between Sterling and the Miami VA explicitly refers to mandatory governmental policies that regulate hiring and supervising of CBOC employees. The contract states, in pertinent part:

12

- Personnel assigned by the contractor(s) to perform the services covered by this contract shall be licensed in the State of Florida. No physician (including subcontractors) assigned by the contractor(s) shall have ever had a medical license suspended, revoked, limited by a State, Territory, Commonwealth, or the District of Columbia. **The qualifications of such personnel shall be subject to review by VA Professional Standards Board, Executive Committee of the Medical Staff, and approval by VA facility Director.** The license must be an active, current, full and unrestricted license to practice the individual profession. Penn Declaration, Exhibit "A" at 22, item #4(c)(1).

- Physicians providing services under this contract shall be board certified in Internal Medicine and/or Family Practice. Physicians (including subcontractors) Physicians Assistants and Nurse Practitioners **must be properly credentialed and privileged according to JCAHO requirements and VA procedures.** Penn Declaration, Exhibit "A" at 22, item #4(c)(2).

- The contractor(s) is responsible for assuring that all persons, whether they be employees, agents, subcontractor(s), providers, or anyone acting for the behalf of the contractor(s), are properly licensed at all times under the Florida State law and/or regulations and **shall be subject to credential and privilege approvals by VA. Contractor(s) agrees to prepare and provide documentation for credentialing and privileging according to VA guidelines.** Failure to adhere to this provision may result in one of more of the following sanctions which shall remain in effect until such time as the deficiency is corrected. Penn Declaration, Exhibit "A" at 15, item #J.

- VA shall not approve of subcontracts with unlicensed individual or group providers. VA will rescind subcontractor(s) approval if the sub-contractor(s) should lose their license during the course of the contract. Penn Declaration, Exhibit "A" at 15, item #J(2).

- "Any sub-contractor(s) utilized by the contractor(s) for the provision of services required must meet the same qualifications specified here-in (the contract) for the Contractor(s). **The Contractor [CBOC] must obtain approval from the Contracting officer [VA] for any sub-contractors to be utilized for the provision of services required under this contract.**" Penn Declaration, Exhibit "A" at 22, item #4(e).

Thus, the language of the contract makes clear that (1) not all authority to hire and supervise CBOC physicians was delegated to Sterling and (2) not all hiring and supervising decisions made by the VA and/or Sterling were made in the absence of governmental regulations controlling the hiring and supervising of CBOC physicians. It is not within the

13

discretion of the Government to make personnel and/or hiring decisions without complying with the government's standards for credentialing and licensing qualifications. The contract clearly imposes a duty on the government to comply with and carry out VA policies regarding hiring and supervising even if some of the responsibility was shared with Sterling.

**D.     _The Discretionary Function Exception Does Not Apply When the Government Fails to Act in Accordance With Specific Mandatory Directives_**

The discretionary function exception does not immunize the government for its failure to comply with a mandatory duty. Once a federal agency decides to promulgate a mandatory regulatory regime, the failure of the government to comply with its policies and rules should give rise to FTCA liability. An agency is required to follow its own procedures once it promulgates them. "Grounding liability on deviation from one's own promulgated standards is an appropriate means of allocating fault and responsibility in a modern administrative state." 54 U. Chi. L. Rev. 1300, 1308 (Fall 1987).

The crux of plaintiff's cause of action for negligent hiring and supervision is the failure of the VA to adhere to its own procedures established for hiring and supervising CBOC physicians. Thus, under the Second Circuit Court of Appeals standard, Plaintiff's complaint can be "fairly read" to incorporate claims that the VA failed to act with the due diligence required in the hiring, retaining and supervising CBOC physicians.

The Second Circuit has affirmed that the Government's failure to comply with and adhere to mandatory regulatory guidelines forms a basis for liability that is outside the protection of the discretionary function exception. See, e.g., Rowell v. United States, (holding that "[t]he decision to contract for the Government's supervision of Mid-State's compliance with safety regulations may have been discretionary, but the alleged failure to supervise and ensure compliance was not." Id. at 9); Coulthurst v. United States, 214 F.3d at

106 (holding that "if an inspector failed to perform a diligent inspection out of laziness or was carelessly inattentive, the DFE does not shield the United States from liability." Id. at 10).

In Rowell v. United States, the District Court for the Southern District of New York similarly concluded that the Government was not protected by the discretionary function exception when it failed to ensure that its contractor Mid-State Industries was in compliance with safety regulations pursuant to the terms of a contract. Thus, the discretionary function exception does not automatically bar a plaintiff's claim against the Government if the Government had an affirmative duty pursuant to the terms of the contract to perform in accordance with regulatory policies described therein.

In the instant matter, Plaintiff's complaint challenges governmental conduct that falls squarely within the jurisdiction of the FCTA. The discretionary function exception is designed to exclude courts specifically from questions involving "not negligence but social wisdom, not due care but political practicability, not reasonableness but economic expediency" Caban v. United States, 671 F.2d 1230, 1233, quoting, Blessing v. United States, 447 F. Supp. 1160, 1170 (E.D. Pa. 1978); See also Nin v. Liao, 2004 U.S. Dist. LEXIS 24917 (S.D.N.Y. Dec. 9, 2004).

Defendants' argument that all "challenges to the personnel decisions of the United States are barred by the discretionary function exception to the FTCA" is overly simplified and self-serving. Since almost all decisions at every level can be loosely described as "discretionary" to some degree, a factual inquiry into the actual nature of the conduct in question is required to determine whether the government should be held liable under the FTCA. Defendant fails to explain how the multitude of cases it cites denying the

15

Government's liability for hiring, retaining and supervising employees supports a conclusion that the discretionary function bars plaintiff's allegations in the instant case.

**E.      *The Discretionary Function Exception Does Not Apply when the Challenged Conduct is an Impermissible Exercise of Policy Judgment***

As demonstrated above, Defendant has failed to satisfy the first step of the two-step discretionary function test.  However, should this court find that a federal policy did not govern the hiring and supervising of CBOC physicians, Defendant's motion to dismiss should still be denied as to plaintiff's cause of action for negligent hiring and supervision because the discretionary function exception is unavailable to the Defendant under the second prong as well.

The discretionary function exception protects *permissible* discretionary/regulatory conduct only.  However, "Not all acts rising out of regulatory activity are immune from liability.  There is a range of choices that are immune; choices outside the range are not immune."  7 Admin. L.J. Am. U. 1, 18.

The burden is on the government to establish that its challenged actions are grounded in and sufficiently related to "specific policy missions of their agencies." Gonzalez v. United States, 690 F. Supp. at 255.  If a defendant fails to satisfy this burden, the Government will be held liable "to the extent of any other employer." Gonzalez v. United States, 690 F.Supp. at 255.  See also Coulthurst v. United States, 214 F.3d at 106.

In the case at bar, Defendant does not submit any evidence showing that the Government's hiring/personnel decisions were grounded in permissible and plausible policy objectives.  Therefore, this Court cannot balance the Government's purported policy objectives against the actions the Government hiring and supervising actions.  This balancing test is essential the court's analysis to determine if the discretionary function exception

16

applies to a particular case.  Therefore, without any evidence offered by the Defendant to prove otherwise, the court should not dismiss plaintiff's cause of action for negligent hiring and supervision.  Plaintiff respectfully requests that Defendant's motion to dismiss be denied in connection with the Defendant's discretionary function defense.

**F.  *Florida Common Law Permits Causes of Action Against an Employer for Negligent Hiring, Retention and Supervision of its Employees***

A central provision of the FTCA is that the United States shall be liable for torts "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674.  In determining the United States' liability under the FTCA, the court must apply the law(s) of the state where the acts and omissions occurred.  Cuoco v. U.S. Bureau of Prisons, No. 98 Civ. 9009 (S.D.N.Y. Sept. 22, 2003).

Should the court find that Defendant has failed to establish protection under the discretionary function exception for the hiring and supervising activities of the Government, the court would be required to look to Florida state law to determine if a cause of action for negligent hiring and supervision exists.  Plaintiff's Opposition to Defendant's Motion to Dismiss sets forth in detail the applicability and scope of the Plaintiff's negligent hiring and supervision claim under Florida Law.  See Pl. Opp. pp. 28-34.

Briefly, Florida law permits a negligence claim against an employer for negligent hiring and supervision of its employees.  See, Mallory v. O'Neil, 69 So. 2d 313 (Fla. 1954); Tallahassee Furniture Co., Inc. v. Harrison, 583 So. 2d 744 (Fla. 1st DCA 1991), rev. denied, 595 So. 2d 558 (Fla. 1992); Garcia v. Duffy, 492 So.2d 435 (Fla. 2d DCA 1986).  Accordingly, defendant had a duty pursuant to Florida common law to investigate and diminish the threat of unqualified physicians rendering medical treatment at the CBOC to the plaintiff and like Veterans.    An appropriate investigation would have revealed the

unsuitability of the defendants to provide medical care and that it was unreasonable for the VA to hire Sterling Medical in light of the information it knew or should have known about the qualifications of doctors employed by the VA.   Malicki v. Doe, 814 So.2d 347, 362 (Fla. 2002).

## CONCLUSION

There is sufficient evidence to establish that the Government's hiring and supervising of CBOC physicians was under the control and direction of mandatory governmental regulations set forth in the contract between Sterling and the Miami VA.  Therefore, the first prong of the discretionary function test is satisfied, despite the incomplete record before the court and Defendant's argument to the contrary.  The numerous contract terms that support this conclusion are in sharp contrast Defendant's argument that no federal statutes control the VA's hiring and supervising activities.  The mandatory regulations set forth in the contract between Sterling and the Miami VA are sufficient to deprive the Government of the degree of discretion required to obtain the protection of the discretionary function exception to the FTCA.

*WHEREFORE*, it is respectfully requested that based on the evidence submitted herein, Defendants' motion to dismiss based on the discretionary function exception should be denied in its entirely and for such other as to this Court may deem just and proper under the circumstances.

Dated: New York, New York
      November 13, 2007

THOMAS P. GIUFFRA (1274)
BARTON, BARTON & PLOTKIN, LLP
*Attorneys for the Plaintiffs*
420 Lexington Avenue
New York, New York 10170

To:

**Michael Joseph Gudzy, Esq.**
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
Attorneys for Defendants DR. FONTON, DR. FINE
AND STERLING CORP.
150 East 42nd Street
New York, N.Y. 10017-5639

**Gail A. Matthews, Esq.**
United States Attorneys Office
Attorneys for Defendants U.S.A. and DEPT. of VA AFFAIRS
One Pierrepont Plaza, 14th Floor
Brooklyn, N.Y. 11201