UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

WILLIAM G. GIBBONS,                          :
                                             :
                    Plaintiff,               :            ECF Case
                                             :
          -against-                          :            07 Civ. 2801 (MGC)
                                             :
LEONARD FRONTON, D.O., STEVEN FEIN,          :
M.D., STERLING MEDICAL CORPORATION,          :
DEPARTMENT OF VETERANS AFFAIRS,              :
and THE UNITED STATES OF AMERICA,            :
                                             :
                    Defendants.              :
                                             :
                                             :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DEFENDANTS UNITED STATES AND DEPARTMENT OF VETERANS AFFAIRS'
MEMORANDUM OF LAW IN RESPONSE TO PLAINTIFF'S MEMORANDUM OF
LAW ARGUING THAT THE DISCRETIONARY FUNCTION EXCEPTION DOES NOT
APPLY**

                                        MICHAEL J. GARCIA
                                        United States Attorney for the
                                        Southern District of New York
                                        Attorney for Defendants the Department of
                                        Veterans Affairs and the United States
                                        of America
                                        86 Chambers Street, 4th Floor
                                        New York, New York 10007
                                        Tel: (212) 637-2725
                                        Fax: (212) 637-2702

ALLISON D. PENN (AP-3787)
Assistant United States Attorney
   -- Of Counsel –

## TABLE OF CONTENTS

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

I.    The Discretionary Function Exception Bars Plaintiff's Claims Against
      the United States for Negligent Hiring and Supervision of an Outside
      Medical Service Provider . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

      A.    No Mandatory Federal Statute or Regulation Was Violated by the
            VA's Decision to Employ an Independent Contractor to Administer
            the Deerfield Beach CBOC . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

      B.    The VA's Decision to Hire An Independent Contractor to Administer
            the CBOC is a Policy Decision Protected by the Discretionary Function
            Exception . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

II.   Plaintiff's Remaining Claims Are Unavailing . . . . . . . . . . . . . . . . . . . . . . . . . 9

      A.    The United States Does Not Assert the Discretionary Function Exception
            With Respect to Plaintiff's Medical Malpractice Claim . . . . . . . . . . . . . . . 9

      B.    State Law Does Not Provide a Cause of Action Against the Government
            for Negligent Hiring and Supervision . . . . . . . . . . . . . . . . . . . . . . . . . 10

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

# TABLE OF AUTHORITIES

## CASES

PAGE

Andrews v. U.S.,
121 F.3d 1430 (11th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Berkovitz v. U.S.,
486 U.S. 531 (1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Blaber v. U.S.,
332 F.2d 629 (2d Cir. 1964) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Bolduc v.U.S.,
402 F.3d 50 (1st Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 10

Burke v. U.S.,
No. 96 Civ. 2470 (LBS), 1996 WL 671151 (Nov.19, 1996) . . . . . . . . . . . . . . . . . . . 10

Butler v. U.S.,
No. 4:07CV00519 (JMM), 2007 WL 2712959 (E.D. Ark. Sept.14, 2007) . . . . . . . . . . . 3

Coulthurst v. U.S.,
214 F.3d 106  Pl. Opp. at 9  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Dalehite v. U.S.,
346 U.S. 15 (1953) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Fan ex.rel Zu Hua Chen v. US,
No. 04 Civ. 9540 (RPP), 2007 WL 1032304 (S.D.N.Y. April 3, 2007) . . . . . . . . . . . . . 3

Fisko v. U.S. General Services Admin.,
395 F. Supp. 2d 57 (S.D.N.Y.2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 10

Guile v. U.S.,
422 F.3d 221 (5th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Hentnik v. U.S.,
No. 02 Civ. 9498 (DC), 2003 WL 22928648 (S.D.N.Y.Dec. 10, 2003) . . . . . . . . . . . . 5

Hodge v. U.S.,
443 F. Supp. 2d 795 (E.D. Va. 2006), aff'd, 224 Fed. Appx. 235
(4th Cir. Apr. 18, 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

Jackson v. Kelly,
 557 F.2d 735 (10th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Johnson, v. U.S.,
 No. Civ. A. 4:05CV40, 2006 WL 572312 (E. D. Va.March 7. 2006) . . . . . . . . . . . . . . . 7

Kirchmann v. U.S.,
 8 F.3d 1273 (8th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5, 6

Kramer v. U.S.,
 843 F. Supp. 1066 (E.D.Va. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

MacDonald v. U.S.,
 807 F. Supp. 775 (M.D. Ga. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Moreno v. U.S.,
 965 F. Supp. 521 (S.D.N.Y. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Rowell v. U.S.,
 No. 89 Civ. 8418 (KMW), 1991 WL 120361 (S.D.N.Y.June 21, 1991) . . . . . . . . . . . 7, 8

Tonelli v. U.S.,
 60 F.3d 492 (8th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

United States v. Gaubert,
 499 U.S. 315 (1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 4

United States v. Varig Airlines,
 467 U.S. 813 (1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Vasquez v. U.S.
 Nov. 81 Civ. 7844  1994 WL 268242 (S.D.N.Y. June 15, 1994) . . . . . . . . . . . . . . . . . 6

Williams v. U.S.,
 50 F.3d 299 (4th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

**STATUTES**

38 U.S.C. § 8153 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 7

38 U.S.C.A. § 8153 (a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 4

## PRELIMINARY STATEMENT

Defendants the United States of America and the Department of Veterans Affairs (collectively, the "United States"), by their attorney, Michael J. Garcia, United States Attorney for the Southern District of New York, respectfully submit this Memorandum of Law in Response to Plaintiff's Memorandum of Law and in further support of the United States' Motion to Dismiss on the ground that the discretionary function exception shields the United States from claims of negligent hiring and supervision of Sterling, Drs. Fronton and Fine in connection with plaintiff's medical malpractice lawsuit.[1]  Because plaintiff has failed to show that the discretionary function exception does not bar plaintiff's negligent hiring and supervision claims, the Complaint against the United States must be dismissed for lack of subject matter jurisdiction.

## ARGUMENT

**I.    The Discretionary Function Exception Bars Plaintiff's Claims Against the United States for Negligent Hiring and Supervision of an Outside Medical Service Provider**

**A.    No Mandatory Federal Statute or Regulation Was Violated by the VA's Decision to Employ an Independent Contractor to Administer the Deerfield Beach CBOC**

Contrary to plaintiff's assertions, see Plaintiff's Memorandum of Law ("Pl. Opp.") at 11-16, there is no mandatory federal statute or regulation that prohibits or requires the Department of Veterans Affairs ("VA") to hire an independent contractor to administer the CBOCs.  Therefore,

---

[1] At the October 16, 2007 initial conference, the Court directed plaintiff to submit additional briefing addressing the United States' argument, raised in its Reply Memorandum of Law, that the discretionary function exception shields the United States from plaintiff's negligent hiring and supervision claims. The Court also permitted the United States to submit a response to plaintiff's brief.

the VA's decision to hire Sterling to staff and administer the Deerfield Beach CBOC was, by statute, entirely discretionary and falls within the discretionary function exception to the Federal Tort Claims Act ("FTCA").

As set forth in the United States' Reply Memorandum of Law ("Reply Mem."), the first inquiry in determining whether the discretionary function exception applies is whether the alleged conduct contravened a mandatory statute or regulation. See United States v. Gaubert, 499 U.S. 315, 324–25 (1991). "If the employee violates [a] mandatory regulation, there will be no shelter from liability because there is no room for choice and the action will be contrary to policy." Id. Prong one is satisfied if the decision is not mandated by statute or regulation. See Hodge v. U.S., 443 F. Supp. 2d 795 (E.D. Va. 2006), aff'd, 224 Fed. Appx. 235 (4th Cir. Apr. 18, 2007). Here, no statute or regulation requires or forbids the VA from contracting with outside health care providers to administer the CBOCs. To the contrary, the VA has discretion to obtain outside health care resources by entering into contracts with outside health care providers pursuant to 38 U.S.C. § 8153. This statute provides:

> To secure health-care resources which otherwise might not be feasibly available, or to effectively utilize certain other health-care resources, the Secretary may, when the Secretary determines it to be in the best interest of the prevailing standards of the Department medical care program, make arrangements, by contract or other form of agreement for the mutual use, or exchange of use, of health-care resources between Department health-care facilities and any health-care provider, or other entity or individual.

38 U.S.C.A. § 8153 (a)(1) (emphasis added). Pursuant to this statute, the VA had the discretion to hire an independent contractor – Sterling – to administer the Deerfield Beach CBOC and to

2

offer medical services there.  <u>See</u> Declaration of Stacey Malott Decl ("Malott Decl."), ¶ 4,  Exh.

A, at 9, ¶ I (2) (a).

Courts in this Circuit and others have agreed that a federal agency's decision to contract

out medical care to an outside provider is covered by the discretionary function exception.  <u>See</u>

e.g. <u>Fan ex. rel Zu Hua Chen v. U.S</u>, No. 04 Civ. 9540 (RPP), 2007 WL 1032304 (S.D.N.Y.

April 3, 2007) (plaintiff's negligent supervision claim barred by discretionary function exception

where government had discretion, pursuant to statute, to provide ob/gyn services through

contracts or cooperative agreements and government exercised its discretion through its memo of

understanding with NYU); <u>Guile v. U.S.</u>, 422 F.3d 221, 231 (5th Cir. 2005) (U.S. Army's

decision to hire outside contractor to provide psychiatric services and its decision to supervise

and how closely to supervise contractor's work were discretionary decisions for which it was

immune from suit); <u>Hodge</u>, 443 F. Supp. 2d. at 799 (BOP's decision to contract with outside

doctor to provide for certain medical services was a discretionary decision falling within

discretionary function exception); <u>Butler v. U.S.</u>, No. 4:07CV00519 (JMM), 2007 WL 2712959,

at *2 (E.D. Ark. Sept. 14, 2007) (discretionary function exception barred claim of negligent

staffing and training of staff at VA Medical Center because "the conduct at issue, *e.g.* staffing

and training, involve elements of judgment and choices and these judgments or choices fall

within that category that the discretionary function exception was designed to shield, those

grounded in social, economic and political policy.").

3

B.    The VA's Decision to Hire An Independent Contractor to Administer the CBOC
is a Policy Decision Protected by the Discretionary Function Exception

Because, as set forth above, there is no mandatory statute or regulation governing the

hiring and supervision of the CBOC's staff, the discretionary function analysis turns to the

second prong i.e., whether the decisionmaking at issue is a question of judgment or discretion for

the Government.  See Dalehite v. U.S., 346 U.S. 15, 35–36 (1953).  This inquiry recognizes that

"the purpose of the [discretionary function] exception is to prevent judicial 'second-guessing' of

legislative and administrative decisions grounded in social, economic, and political policy

through the medium of an action in tort."  Gaubert, 499 U.S. at 323.  This consideration requires

a court to consider whether "the action challenged . . . involve[d] the permissible exercise of

policy judgment."  Berkovitz v. U.S., 486 U.S. 531, 537 (1988).  There is a "presumption under

the law . . . that when exercising discretion accorded to it, the government's actions will be

'grounded in policy.'"  Kirchmann v. U.S., 8 F.3d 1273, 1277 (8th Cir. 1993) (quoting Gaubert,

499 U.S. at 324).  It is plaintiff's burden to show that the decision was not grounded in policy.

Bolduc v. U.S., 402 F.3d 50, 60 (1st Cir. 2005).

The VA's decision to hire an outside medical service provider to service and staff the

Deerfield Beach CBOC is clearly a discretionary decision requiring the VA to make policy

judgments.  Indeed, the relevant statutory provision explicitly states that "the Secretary may,

when the Secretary determines it to be in the best interest of the prevailing standards of the

Department medical care program" enter into contracts for the provision of health care services.

38 U.S.C.A. § 8153 (a)(1) (emphasis added).  To the extent that plaintiff seeks to hold the

Government liable for the allegedly negligent hiring of Sterling, and Drs. Fronton and Fine, the

courts have consistently held that the Government personnel decisions are discretionary functions

excluded from the scope of the FTCA.  See cases cited in Government's Reply Brief at 13-14.

As the Eighth Circuit explained in ruling that a negligent hiring claim was barred by the

discretionary function exception,

> The . . . choice between several potential employees involves the weighing of
> individual backgrounds, office diversity, experience, and employer intuition.
> These multi-factored choices require the balancing of competing objectives and
> are of the "nature and quality that Congress intended to shield from tort liability."

Tonelli v. U.S., 60 F.3d 492, 496 (8th Cir. 1995) (quoting United States v. Varig Airlines, 467

U.S. 797, 813 (1984).  The court in Tonelli also correctly observed that "[p]ermitting FTCA

claims involving negligent hiring would require . . . court[s] to engage in the type of judicial

second-guessing that Congress intended to avoid." Id. at 496; see Williams v. U.S., 50 F.3d 299,

309-10 (4th Cir. 1995) (selection of particular contractor falls within discretionary function).

Contrary to plaintiff's arguments, it is also well established that the discretionary function

exception covers government decisions about how and how much to supervise the safety

procedures of individuals doing work on its premises.  Andrews v. U.S., 121 F.3d 1430, 1440

(11th Cir. 1997); see Kirchmann, 8 F.3d at 1277–78; Hentnik v. U.S., No. 02 Civ. 9498 (DC),

2003 WL 22928648, at *3 (S.D.N.Y. Dec. 10, 2003).  This is because matters regarding

"employee supervision and retention generally involve the permissible exercise of policy

judgment and fall within the discretionary function exception." Tonelli, 60 F.3d at 496; see, e.g.,

Varig Airlines, 467 U.S. at 819-20 (decision on extent of government supervision constitutes

exercise of "discretionary regulatory authority of the most basic kind"); Blaber v. U.S., 332 F.2d

629, 631 (2d Cir. 1964) (decisions concerning "extent to which [agency] will undertake to

supervise the safety procedures of private contractors" are "within the 'discretionary function' exception"); Moreno v. U.S., 965 F. Supp. 521, 527 (S.D.N.Y. 1997) (method and extent of supervision of a contractor are "within the sound discretion of the Government"); Vasquez v. U.S., Nov. 81 Civ. 7844 (KTD), 1994 WL 268242, at *3 (S.D.N.Y. June 15, 1994) ("The method and extent of supervision of an independent contractor by the Government are discretionary"); see also Kirchmann, 8 F.3d at 1277 ("If arguably based on policy considerations, both negligence in supervising a contractor and the failure to supervise a contractor are all included in the decisions protected by the discretionary function exception.").

Plaintiff's reliance on certain provisions in the Contract affording the VA the right to review the licensing and credentialing of physicians hired by Sterling to overcome the discretionary function exception is unavailing, see Pl. Opp. at 13, because these contractual provisions do not constitute mandatory federal statutes or regulations concerning the hiring and supervision of the physicians hired by the independent contractor hired by the VA. As a preliminary matter, none of the contractual provisions cited by plaintiff concern the VA's supervision of independent contractors or the physicians that independent contractors choose to hire. See Pl. Opp. at 13.

Second, the licensing and credentialing review provisions in the Contract, which require the physicians hired by the independent contractor to be properly credentialed and licensed, do not require that the VA participate in the hiring of physicians. Indeed, according to Larry Brinkman, the Chief of Human Resources for the VA Medical Center in Miami, Florida, hiring decisions relating to Drs. Fronton and Fine were made by Sterling, not by the Miami VA Medical Center. See Brinkman Decl., ¶ 5. Finally, as the United States has previously argued and the

6

case law supports, see United States' Reply Brief at 5-6, the retention of the right to review the

credentials of the doctors hired by an independent contractor does not convert an independent

contractor's employees into employees of the Government.  See e.g. Kramer v. U.S., 843 F.

Supp. 1066, 1071 (E.D.Va. 1994) (doctors were independent contractors despite government's

entitlement to review doctors' credentials); MacDonald v. U.S., 807 F. Supp. 775, 781 (M.D.

Ga. 1992) (contract doctor was independent contractor where government permitted by contract

to review doctor's credentials and qualifications and the subjective quality of that physician's

performance); see also Fisko v. U.S. General Services Admin. 395 F.  Supp.2d 57, 65 (S.D.N.Y.

2005) (contract by which the government requires compliance with its rules and regulations,

reserves to itself broad supervisory powers, or retains the right to inspect does not confer upon it

the degree of control sufficient to support a finding of jurisdiction under the FTCA.); Johnson v.

U.S., No. Civ. A. 4:05CV40, 2006 WL 572312, at *3 (E. D. Va. March 7. 2006) (right to inspect

and procedural safeguards in a contract do not convert an independent contractor into an

employee of the Government).[2]

The cases plaintiff cites to argue that the discretionary function exception does not apply

are distinguishable.  For example, plaintiff relies on Rowell v. U.S., No. 89 Civ. 8418 (KMW),

1991 WL 120361 (S.D.N.Y. June 21, 1991), for the proposition that the Government was not

protected by the discretionary function exception when it failed to ensure that a contractor was in

---

[2] Plaintiff's argument that it is not in possession of specific governmental policies that regulate the hiring and supervision of CBOC physicians by the VA because it has not had the opportunity to conduct discovery is unavailing.  See Pl. Opp. at 12.  The reason plaintiff is not in possession of any such mandatory regulations or policies is that they do not exist. The only relevant statute is 38 U.S.C § 8153, which affords the VA the discretion to hire independent contractors by entering into contracts with outside medical providers.

compliance with a contract. <u>See</u> Pl. Opp. at 15. In <u>Rowell</u>, however, the Government was expressly obligated pursuant to the terms of its contract with the independent contractor, Mid-State, to supervise the contractor's compliance with safety regulations. <u>Id.</u>, at *2. Here, no such requirement exists in the Contract and as noted, plaintiff has pointed to no contractual provision, regulation, or statute requiring the VA to supervise the doctors hired by Sterling. Indeed, pursuant to the Contract with Sterling, the responsibility for supervision of Sterling's employees is clearly delegated to Sterling's medical director, not to the VA. <u>See</u> Malott Decl., Exh. A, Part 1, I, (b) (provision requiring that Sterling hire its own medical director to "oversee and be responsible for the proper provision of covered services to enrolled patients"); Malott Decl., Exh A, Addendum to 52.212-4 (852.237-7) (a), at 30 (provision stating that VA retained no control over the "professional aspects of the services rendered . . . including the Contractors or health care providers medical judgment, diagnosis, or specific medical treatments.").

Likewise, <u>Coulthurst v. U.S.</u>, 214 F.3d 106 (2d Cir. 2000), Pl. Opp. at 9, is inapposite. In that case, the Bureau of Prison guidelines required prison officials to inspect the wellness area at the prison and determine if the equipment was arranged in a safe manner and if participants used it properly. <u>Id.</u>, at 108. Here, by contrast, neither the Contract, nor any statute or regulations required the VA to supervise the activities of the CBOC's staff or Sterling's hiring at the Deerfield Beach clinic. Such supervision and hiring responsibilities were delegated to Sterling, pursuant to the VA's statutory authority to hire outside contractors to perform such functions. Thus, plaintiff's claims that the discretionary function exception does not apply are without merit.

8

## II.     Plaintiff's Remaining Claims Are Unavailing

### A.     The United States Does Not Assert the Discretionary Function Exception With Respect to Plaintiff's Medical Malpractice Claim

Plaintiff's argument that the discretionary function exception does not bar plaintiff's "allegations arising from Defendant's medical negligence" misses the point. See Pl. Opp. at 7. The cases plaintiff cites, see Pl. Opp. at 7-8, stand for the proposition that the discretionary function exception does not apply to medical decisions by Government employees. See, e.g., Jackson v. Kelly, 557 F.2d 735 (10th Cir. 1997).  Indeed, the United States does not contest that the FTCA waives the United States' sovereign immunity with respect to medical malpractice claims brought against Government employees.  Here, however, Sterling and Drs. Fronton and Fine were not Government employees.  See United States' Memorandum of Law in Support of its Motion to Dismiss at 10-15; Declaration of Larry Brinkman ("Brinkman Decl."), ¶¶ 4, 5.  The United States asserts the discretionary function exception with respect to plaintiff's claims that it negligently hired and supervised Sterling and the two doctors hired by Sterling.

The only specific allegations of medical malpractice plaintiff raises in his Complaint are against Sterling, Drs. Fronton and Fine.  Indeed, in plaintiff's opposition brief he characterizes the medical malpractice as defendants' "failing to properly and timely refer the plaintiff to a urologist and/or specialist at the Miami VA hospital pursuant to VA protocol upon receipt of several abnormal PSA lab results and an abnormal digital rectal exam."  See Pl. Opp. at 2. Plaintiff thereby acknowledges that the alleged medical malpractice here stems from the failure to diagnose plaintiff while he was under the under the care and treatment of Sterling, and Drs. Fronton and Fine, from November 21, 2001, up and through September 9, 2004, and not while

the plaintiff was a patient at the Bronx VA or at some point thereafter. Thus, there are no

Government employees against whom a medical malpractice claim can proceed.

B.    State Law Does Not Provide a Cause of Action Against the United States for
      Negligent Hiring and Supervision

Likewise, plaintiff's argument that the Court should apply Florida Law which according

to plaintiff, permits a cause of action against an employer for negligent hiring, retention or

supervision of its employees is misplaced. See Pl. Opp. at 17-18. The FTCA, not the law of the

state, governs the liability of the United States for tort actions. Fisko, 395 F. Supp. 2d at 66

(Government was not liable for non-delegable duties of landowners under New York State law);

Burke v. U.S., No. 96 Civ. 2470 (LBS), 1996 WL 671151, at *2, n. 4 (S.D.N.Y. Nov. 19, 1996)

("To the extent that plaintiff's complaint can be construed to allege liability for non-delegable

duties of landowners under state law there is no subject matter jurisdiction. The Tort Claims Act

does not waive sovereign immunity as to such claims."); Bolduc, 402 F.3d at 60 ("We need not

hazard a public policy analysis to determine whether a private employer in like circumstances

would face liability for negligent supervision under Wisconsin law. Even if the appellants could

successfully urge the affirmative of the proposition . . . the discretionary function exception to the

FTCA . . . would divest the courts of jurisdiction over this claim."). Because, as explained

above, the discretionary function exception shields the United States from claims of liability for

negligent hiring and supervision of Sterling or its employees, sovereign immunity bars this

lawsuit, and any claim arising under Florida law would be precluded.

## CONCLUSION

For the foregoing reasons and for the reasons stated in the United States' moving brief and its reply brief, the United States' motion to dismiss the Complaint should be granted.

Dated:  New York, New York
       December 6, 2007

Respectfully submitted,

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
Attorney for the Government

By: _____

ALLISON D. PENN (AP-3787)
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2725

11